## HEARN ET UX. *v.* THE CITY OF GREENSBURGH.

JUROR.—*Challenge for Cause.—Juror who is a Citizen and Tax-Payer of a City Sued.*—In an action against a city to recover damages for an injury to the plaintiff, occasioned by his falling upon a sidewalk unskilfully constructed and negligently allowed to be out of repair by said city, it is, by the common law and under our statutes, a good cause for challenge of a juror by the plaintiff, that such juror is a citizen and tax-payer of said city.

From the Decatur Circuit Court.

*J. D. Miller*, for appellants.

BIDDLE, C. J.—The appellants, Mary L. and Silas H. Hearn, brought suit against the appellee, a municipal corporation, alleging that said city unskilfully constructed a certain sidewalk, and negligently allowed the same to remain out of repair, whereby the said Mary, the wife of said Silas, while rightfully travelling along the same, fell and broke her arm, and was otherwise seriously injured.

The appellants challenged three of the jurors, showing for cause that they were citizens and tax-payers of the city of Greensburgh; but the court overruled the challenge, and empanelled the jurors. Exceptions.

The only question before us is the competency of these jurors to try the cause.

The trial by jury is as old as the common law. Sir William Jones, indeed, assures us that it was known in Athens, but the history of Greece scarcely sustains his views. At all events, it is found in our system of jurisprudence at its very earliest source; and, with the exception of a short time under William the Norman, who introduced trial by battle, during which trial by jury was somewhat impaired and shaken, it has always remained, with English-speaking people and all who

inherit the common law, a favorite mode of trial; and during all the period of its history, there has been no time when interest in the suit did not disqualify a juror. 3 Bl. Com. 349–387. "If a body politick or incorporate, sole or aggregate of many, bring any action that concerns their body politick or incorporate, if the juror be of kindred to any that is of that body (although the body politick or incorporate can have no kindred), yet for that those bodies consist of natural persons, it is a principal challenge." "If the juror hath part of the land that dependeth on the same title." "If the juror be within the hundred, leet, or any way within the seigniory immediately or mediately, or any other distress of either party—this is a principal challenge." Coke upon Lit. 157 a. "If the lord of a hundred be a party, then it is sufficient if they (the jurors) come from the next hundred." "If an action be brought by a corporation, and the juror be of kin to any member, it is a principal challenge." "It hath been ruled to be a good challenge on the part of the King, that the juror hath given his dogs the names of the King's mistresses." Bac. Abr., Juries *e.*

In *Regina* v. *The County of Wilts*, 6 Mod. 307, where the question was whether the county was bound to repair a certain bridge, it was held that an inhabitant of the county was not a good juror.

In *Wood* v. *Stoddard*, 2 Johns. 194, the court say : "The relaxation of the rule, as to questions of interest, has never been extended to jurors. They must be *omni exceptione majores;* free from every objection, and wholly disinterested." "The interest of a justice of the peace in a penalty, though ever so minute, takes away his jurisdiction of the offence." *Pearce* v. *Atwood*, 13 Mass. 324. See, also, *Commonwealth* v. *McLane*, 4 Gray, 427. "The books are full, that challenges are allowed, where the issue concerns a city or corporation, and they are to make the panel, or where any of their body be to go on the jury, or any of kin unto them, though the body corporate be not directly party to this suit." *Day* v. *Savadge*, Hobart, 85.

A case in point has been recently decided in the State of New York. The action was brought to recover damages alleged to have been sustained by plaintiff, by reason of his falling through, down and upon a defective sidewalk in the city of Elmira. Six jurors were challenged for the cause that they were residents and tax-payers of the city. EARL, C. J., in pronouncing the opinion of the court, says: "The question, therefore, to be determined is, whether a resident and tax-payer of the city was incompetent as a juror upon the trial of this action. The object of the law is to procure impartial, unbiased persons for jurors. They must be *omni exceptione majores.* They must have no interest in the subject-matter of the litigation. In this case, a verdict against the city would impose additional burdens upon all the tax-paying residents thereof. Hence such residents are, at common law, incompetent to serve as jurors in a case to which the city is a party, or in which the city is directly interested." *Diveny* v. *The City of Elmira*, 51 N. Y. 506.

Our code, in its tendency and spirit, is with these decisions.

By section 207, 2 G. & H. 154, when the county is a party to the suit, it is good ground for a change of venue.

Section 311 enacts, that "it shall be sufficient cause for challenge to a juror, that he is interested in another suit, begun or contemplated, involving the same or a similar matter." And, while it does not declare the juror incompetent in a case like the one we are considering, yet it nowhere declares that he shall be competent in such case.

The decision, therefore, must be left to the common law, and, according to that, as we have seen, the judgment below is erroneous.

In the present case, we think, both in principle and upon authority, that the court erred in overruling the challenges.

The judgment is reversed, with costs; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.