The Town of Albion *v*. Hetrick.

————◆————

No. 10,479.

THE TOWN OF ALBION *v*. HETRICK.

NEGLIGENCE.—*Complaint.*—*Master and Servant.*—*Contributory Negligence.*—In an action against a town for a personal injury received while attempting to cross a gully in a street, over which the plaintiff was driven by his servant in a wagon loaded with hay, an allegation in the complaint, that the plaintiff was without fault, is equivalent to an allegation that neither the plaintiff nor his servant was in fault; and allegations, that, though seeing the gully, the plaintiff believed it reasonably safe to make the attempt, and used due and ordinary care, and that there was no other safe road, do not show contributory negligence on the part of plaintiff.

SAME.—*Question of Fact for Jury.*—In such case, whether the plaintiff, in attempting to cross the gully, was guilty of negligence, is a question of fact for the jury.

SAME.—*Interrogatories to Jury.*—In such action, it is not error to refuse to submit to the jury interrogatories asking for conclusions of mingled law and fact, as whether or not it was prudent for the plaintiff to attempt to drive over the street in its then condition.

SAME.—*Witness.*—*Opinion.*—Upon the trial of such action, the opinions of witnesses who are acquainted with the street are not admissible to prove that the place was so dangerous that a prudent man would not attempt to cross it.

SAME.—*Instruction.*—It is not error in such action to refuse to instruct the jury that if another was driving the team which was hauling the wagon in which the plaintiff was voluntarily riding, and the negligence of the driver contributed to the injury, the plaintiff could not recover.

TOWNS.—*Incorporation.*—*Evidence.*—*Judicial Knowledge.*—Courts take judicial knowledge of the incorporation of towns, and proof thereof is not necessary.

From the Noble Circuit Court.

*A. A. Chapin* and *R. P. Barr*, for appellant.
*H. G. Zimmerman*, for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellant.   The complaint averred that the defendant, after notice, wrongfully permitted one of its streets to remain in an unsafe and dangerous condition; that a gully, from one to three feet deep, ran diagonally across the whole width of the street, and that the plaintiff, in attempting to cross said gully with his wagon and team and a load of hay, on which he was riding with a driver, was upset and injured, without any fault of the plaintiff, and that although he saw the gully before he undertook to cross it, yet he believed it was reasonably safe to attempt to cross it, and believes he would have crossed it safely, but that his driver was compelled, by a ditch on the right side of the road, to turn the team to the left and toward the gully after the hinder wheels of the wagon were in the gully; that there was no other practicable road, street or highway.   A demurrer to this complaint for want of facts sufficient was overruled, and this ruling was one of the errors assigned by the appellant.

It is objected that the complaint fails to state that there was no fault in the plaintiff's driver, but the complaint does state that the wagon and team and driver were the plaintiff's, and that the plaintiff was riding with the driver on his own load of hay.   In such a case an allegation that the injury was sustained without any fault of the plaintiff is equivalent to an allegation that neither the plaintiff nor his servant was in fault. The negligence of the servant is the negligence of the master, when committed in the service and connected with the employment.   *Helfrich* v. *Williams*, 84 Ind. 553.   It is urged, also, that because it appears upon the complaint that the plaintiff saw the gully, it was contributory negligence to undertake to cross it with a load of hay; but the complaint avers that he believed it reasonably safe to make the attempt, and used due and ordinary care, and was without fault, and that there was no other safe road.

The question whether, in attempting to cross the gully, the plaintiff was in fault, or was chargeable with want of ordinary prudence, was a question of fact for the jury. It might depend upon several circumstances, such as the slope of the sides of the gully and the condition of the soil, etc. It is only when the standard of duty is fixed and certain, or where the measure of duty is defined by law, and is the same under all circumstances, or when the negligence is so clear and palpable that no verdict could make it otherwise, that the question of negligence becomes one of law and not of fact. *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569 (36 Am. R. 188); *Ohio, etc., R. W. Co.* v. *Collarn,* 73 Ind. 261 (38 Am. R. 134); *City of Huntington* v. *Breen,* 77 Ind. 29; *Wilson* v. *Trafalgar, etc., Co.,* 83 Ind. 326. In both the cases last cited, the following language from Thompson on Negligence, p. 1203, section 52, is quoted with approbation: "Knowledge of a defect existing in the highway is not, in general, conclusive evidence of negligence in attempting to pass it. One injured upon a street he knew to be dangerous need not show that he exercised *extraordinary* care while upon such street. *A fortiori,* he is not obliged to keep off from such a street altogether. One may proceed if it is consistent with reasonable care to do so; and this is generally a question for the jury, depending upon the nature of the obstruction or insufficiency of the highway, and all the surrounding circumstances." See, also, *Henry County Turnpike Co.* v. *Jackson,* 86 Ind. 111 (44 Am. R. 274).

It does not appear upon the complaint in the case at bar, that there was contributory negligence in the plaintiff. There was some surplusage in the complaint, describing how the plaintiff, after having crossed the gully with the fore wheels of his wagon, was upset in trying to get out with the hind wheels, in consequence of the ditch on the right side of the street compelling him to turn his team to the left; but this does not render the complaint insufficient. There was no error in overruling the demurrer to the complaint.

The answer was the general denial. A jury returned a

verdict for the plaintiff. The defendant's motion for a new trial was overruled. Judgment was rendered upon the verdict and the defendant appealed.

The errors assigned are overruling the demurrer to the complaint and overruling the motion for a new trial. Of these the first has been already considered.

One of the reasons for a new trial was that the court erred in refusing to submit to the jury, at the request of the defendant, his second and third interrogatories, to be answered with a general verdict.

These interrogatories were:

" 2. Ought the plaintiff to have driven upon the place where the accident occurred in the then condition of the street?

" 3. Was it not imprudent for the plaintiff and his driver to drive over the street, at the place where the wagon was overturned, at the time the accident occurred."

The statute authorizes and requires the court, at the request of either party, to instruct the jury to find specially upon particular questions of fact to be stated in writing. R. S. 1881, section 546.

Each interrogatory must present a single material fact involved in the issues. *Rosser* v. *Barnes,* 16 Ind. 502. The interrogatories in controversy fail to do this. They ask the jury for conclusions resting on mingled law and fact. The jury, applying to the facts found the law given by the court in its instructions, might reach a conclusion as to the prudence or imprudence of attempting the passage of the street, but such conclusions are not proper subjects of interrogatories. There was no error in rejecting the interrogatories in controversy.

The second and third reasons for a new trial are, that the court erred in refusing to permit the witnesses, Henry Franks and David Matthews, to answer the following question : " Was not the street, at and about the time the injury was received by the appellee, in such a dangerous condition that a prudent man

would not have ventured to ride over the same upon a load of hay, at the place where he was injured?"

Franks had testified that he had lived in Albion many years and was well acquainted with the street, and had passed over it with a horse and buggy three or four days before the plaintiff was hurt, and had come very near upsetting, and he had described the relative situation of the gully and the ditch on the right side of the road.

Matthews had testified to the same effect, and that he had seen the place a day or two before the accident, and had examined it since the accident, and did not find any change in its condition, and that he was a farmer with considerable experience in loading and hauling hay. The appellant claims that these witnesses had sufficient knowledge of the facts to make their opinions admissible that the place was so dangerous that a prudent man would not have ventured to cross it with a load of hay. Greenleaf on Evidence says: "Non-experts may give their opinions on questions of identity, resemblance, apparent condition of body or mind, intoxication, insanity, sickness, health, value, conduct, and bearing, whether friendly, or hostile, and the like." See 1 Greenl. Ev. (13th ed.), note to section 440, p. 495. This court, in *Johnson* v. *Thompson*, 72 Ind. 167 (37 Am. R. 152), said: "The rule as thus stated by Greenleaf is well sustained by other decided cases, and is one by which we feel it our duty to be governed." But the questions put to the witnesses in this case are not confined to a mere enquiry as to the opinions of the witnesses whether the road was out of repair or in a dangerous condition. They go further: they ask the opinion of the witness whether a prudent man would have ventured to cross the road with a load of hay; that is equivalent to asking the opinions of the witnesses, whether the plaintiff was guilty of contributory negligence. We know of no case which will authorize the admission of such opinions, and we think there was no error in excluding them.

Another reason assigned for a new trial is that the court

erred in sustaining a challenge made by the appellee to one Forkner as a juror, because he was a resident taxpayer of the town of Albion. But this is held in Indiana to be a good cause of challenge. *Hearn* v. *City of Greensburgh,* 51 Ind. 119. There was no error in this respect.

There were several objections to the instructions given and refused. ' The appellant claims that a part of instruction No. 1 given to the jury was too broad. It was as follows:

"Knowledge of the existence of a dangerous place only makes it the duty of the traveller to use care and caution proportioned to the danger which he knows lies in his path."

The appellant claims that this ought to have been modified by adding that, "if it appeared to be so dangerous that a reasonably prudent man would not have attempted to have passed over it under the circumstances, then it would be contributory negligence for appellee to attempt to do so." No such modification was asked for by the appellant, and the substance of the modification was given in a subsequent part of said instruction No. 1. This objection, therefore, can not be sustained.

The refusal of the court to give to the jury instructions Nos. 8, 10, 11 and 16, asked for by the appellant, is claimed as error. Instruction No. 8 is as follows:

"If the evidence shows that another person was driving the team, which was hauling the wagon in which the plaintiff was riding, at the time the injury was received, and that it was a private carriage or wagon, and that the plaintiff was voluntarily riding with the person who was driving the team, and the negligence of such driver contributed to such injury, then the plaintiff can not recover."

The theory of this instruction is that where a defendant has been guilty of wrongful negligence, the plaintiff injured thereby can not recover therefor if the negligence of some independent third person, for whom the plaintiff is not responsible, contributed thereto. But there is no case decided in Indiana which goes to that extent. It is held here that the

plaintiff can not recover if his own negligence or the negligence of his servant, or any body for whom he is responsible, contributed to the injury; but to hold that the plaintiff's right of action can be defeated by the negligence of some stranger would be in effect making him responsible for the stranger the same as he would be for his own servant. See, upon this point, *Robinson* v. *New York, etc., R. R. Co.*, 66 N. Y. 11, 13 (23 Am. R. 1). We therefore think that there was no error in refusing to give the 8th instruction asked for by defendant. An intervening agency does not always shield the wrong-doer where the injury flows from his wrongful act. *Billman* v. *Indianapolis, etc., R. R. Co.*, 76 Ind. 166 (40 Am. R. 230); *City of Crawfordsville* v. *Smith*, 79 Ind. 308 (41 Am. R. 612).

Instructions Nos. 10 and 11, asked for by the defendant, assert the rule to be that if the plaintiff knew the condition of the street at the time, and that it was dangerous, he ought not to have attempted to pass over it, and, therefore, can. not recover. It sufficiently appears from what has been heretofore said in this opinion, that there was no error in refusing these instructions.

Instruction No. 16 asserts that although by the issues the corporate existence of the town of Albion, at the time of suit brought, was admitted, yet it was necessary for the plaintiff to prove that such incorporation existed at the time of the injury. But it is not necessary to prove that which the court is bound to take notice of judicially. See R. S. 1881, section 3301.

There was no error in refusing to give to the jury said instruction No. 16.

The appellant also claims that the court erred in modifying instruction No. 5, asked for by the appellant.

This instruction as given was as follows: "If the evidence shows that the plaintiff might have gone upon Walnut or Railroad streets, and from thence west to his place of destination, by a safe route, '*over a street, alley or highway*,' without inconvenience, and knew that Hazel street was in a danger-

ous condition to pass along, considering the character of the load, it was his duty to select the safe course, and if he did not you may find that he was guilty of contributory negligence."

The modification complained of consisted in inserting after the words "safe route" the words "over a street, alley or highway."

We think there was no error in this modification; the plaintiff was not bound to seek a route over private lands.

We have now disposed of all the reasons for a new trial which the appellant's counsel, in their brief, have discussed. We find no error in the record. The judgment ought to be affirmed.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.