### THE TOWN OF SALEM *v.* WALKER.

[No. 2020.   Filed February 2, 1897.]

DAMAGES.—*Personal Injuries.—Burden of Proof.—Contributory Negligence.*—In an action for damages for personal injuries, the plaintiff must allege and prove his freedom from contributory negligence. *p. 689.*

MUNICIPAL CORPORATIONS.—*Streets Must be Kept in Reasonably Safe Condition.*—It is the duty of a city or town to keep its streets in a reasonably safe condition for travel.   *p. 691.*

SAME.—*Failure to Keep Street in Safe Condition.—Duty of Traveler.*—The failure of a town to keep its streets in a reasonably safe condition will not excuse the traveler from the use of ordinary care. *p. 691.*

SAME.—*Rights of Traveler Who has Knowledge of Defect in Street.*—
One who has knowledge that a street in a city is out of repair, is
not, therefore, bound to forego travel thereon; but the care on the
part of the traveler in such case must be in proportion to the
danger that might be encountered by reason of the defect or ob-
struction. *p. 691.*

NEGLIGENCE.—*When a Question of Law.—Facts Undisputed.*—In an
action for damages for personal injuries, where the facts as to the
manner in which the injury occurred are undisputed, it is the prov-
ince of the court to determine whether or not the facts amount to
negligence. *p. 693.*

CONTRIBUTORY NEGLIGENCE.—*Horseman in Use of Street.*—A horse-
man who is apprised of an obstruction in a street at which his
horse took fright and turned back, and voluntarily rides the horse
a second time to the place of obstruction and is thereby thrown
from his horse and injured, is guilty of contributory negligence so
as to preclude a recovery in an action against the municipality.
*p. 693.*

From the Washington Circuit Court. *Reversed.*

*Samuel C. Mitchell* and *Robert B. Mitchell*, for appellant.

*John A. Zaring* and *Milton B. Hottel*, for appellee.

ROBINSON, J.—The appellee sued the appellant to recover damages for an injury received by being thrown from his horse, which became frightened at certain obstructions in a road or street within the corporate limits of the town of Salem. The complaint was in two paragraphs. Demurrers for want of facts overruled and exceptions taken. A trial of the issues formed resulted in a verdict for the appellee, upon which the court rendered judgment over appellant's motion for a new trial.

Appellant has assigned as error the overruling of its demurrer to the complaint and its motion for a new trial. Among the reasons assigned in the motion for a new trial are that the verdict is contrary to the law and the evidence and is not sustained by sufficient evidence.

It is insisted by appellant that the evidence fails to

show that the appellee was himself free from negligence, but that the evidence shows that he was guilty of negligence which contributed to his injury.

It is well settled that in an action of this kind contributory negligence on the part of the plaintiff is not a matter that the defendant must establish, but that the plaintiff must allege in his complaint and prove that the injury was incurred without his own negligence having contributed thereto. The burden is on him to show not only the negligence of the defendant, but also his own freedom from any negligence contributing to the injury. His failure to establish either will defeat a recovery.

The evidence shows that at the time of the injury there was, on a certain street or road, within the corporate limits of the town, an accumulation of rubbish consisting in part of brickbats, boxes and barrels; that in the heap had also been thrown some fish which at that time gave off a very offensive odor. This rubbish was close to the traveled part of the street or road on which the injury occurred. On the day of the alleged injury, the appellee, a young man about twenty-five years old, was riding alone, on horseback, into the town of Salem, on the road or street above mentioned. The horse he was riding was three years old, and gentle. As to how the injury complained of occurred, the appellee testified, at the trial, on direct examination as follows:

"Q. Go on and tell what your horse did.

A. I was coming along on the old grade road, and came near this obstruction and my horse took fright, refused to pass it, and turned round. I stopped him and rode him up to the place where he first frightened, and he snorted and reared, and fell back on me.

Q. What was there in the road that you know your horse took fright at?

A. Well, there were several things in the road,— barrels, tin cans, buckets of fish, and all kinds of rubbish.

Q. Do you know which ones, or whether it was all that your horse took fright at?

A. There were three barrels in front of the horse and some fish, and I couldn't tell exactly which he got scared at.

Q. Was there any scent there at the time that your horse took fright? Answer. Yes, sir."

And on cross-examination the appellee testified.

"Q. Now, how close were you to the barrels when your horse got scared first?

A. I must have been within fifteen or twenty feet, don't know exactly.

Q. What did your horse do when it first got scared?

A. It wheeled around with me and run'back ten or fifteen feet.

Q. When your horse first scared there, did you see these barrels?

A. Yes, sir, couldn't help but to see them.

Q. Then what did you do?

A. Turned him around and rode him up to the place again.

Q. Did you have anything to urge him?

A. Had nothing except the bridle reins, might probably have hit him with that.

Q. What is your impression as to whether you did or didn't?

A. I think probably I hit him with the bridle rein a little.

Q. When he first wheeled around and started to run back you saw the barrels and say that is what he got scared at?

A.   I suppose he got scared at them or the fish.

Q.   After he run back fifteen or twenty feet and after he had already scared at the barrels you urged him up to the barrels again?   A. Yes, sir.

Q.   And then it was that he reared, and fell back on you, you say?   A. Yes, sir."

It is the law that it is the duty of a city or town to keep the streets and sidewalks thereof in a reasonably safe condition for travel.   *Michigan City* v. *Boeckling,* 122 Ind. 39; *Michigan City* v. *Ballance,* 123 Ind. 334; *Glantz* v. *City of South Bend,* 106 Ind. 305; *City of Columbus* v. *Strassner,* 124 Ind. 482; *City of Goshen* v. *England,* 119 Ind. 368; *Town of Albion* v. *Hetrick,* 90 Ind. 545.

But even if the municipality has neglected to keep its streets in a reasonably safe condition, the appellee is not excused from the exercise of ordinary care for his own safety.   *Mount Vernon* v. *Dusouchett,* 2 Ind. 586; *Riest* v. *City of Goshen,* 42 Ind. 339; *Bruker* v. *Town of Covington,* 69 Ind. 33; *Town of Gosport* v. *Evans,* 112 Ind. 133.

It is equally well settled that because one has knowledge that a highway or sidewalk in a town or city is out of repair, or even dangerous, he is not, therefore, bound to forego travel upon the same. *Town of Albion* v. *Hetrick, supra; City of South Bend* v. *Hardy,* 98 Ind 577; *City of Huntington* v. *Breen,* 77 Ind. 29; *Wilson* v. *Trafalgar, etc., Gravel Road Co.,* 83 Ind. 326; *Town of Gosport* v. *Evans, supra.*

But the care in such case to avoid injury must be in proportion to the danger the traveler might encounter by reason of the defect or obstruction.   *City of Hunt- ington* v. *Breen, supra.*   In *Toledo, etc., R. W. Co.* v. *Brannagan, Admx.,* 75 Ind. 490, the court said: "Knowl- edge that there is a defect in a highway, making it dangerous to attempt to travel upon it, does not of

itself make it negligence to use the highway carefully and cautiously. Knowledge of the existence of a dangerous place does, however, make it incumbent upon the traveler to use care and caution proportionate to the danger which he knows lies in his way." *City of Indianapolis* v. *Cook*, 99 Ind. 10; *Turnpike Company* v. *Jackson*, 86 Ind. 111.

In *Mount Vernon* v. *Dusouchett, supra*, the court said: "If a person knows there is an obstruction in a street, and he attempts to pass the place when, in consequence of the darkness of night, or of the rise of water over the street, he cannot see the obstruction, he has no reason to complain of the injury he may receive on the occasion."

In *Riest* v. *City of Goshen, supra*, which was an action to recover for an injury received in driving over a bridge, alleged to be "dangerous to all who should pass on the same," it was said, "The law is well settled, that if the plaintiff or his servant knew of the true condition of the bridge when the team and wagon were driven upon it, he cannot, under such circumstances, recover."

"But where there is danger, and the peril is known, whoever encounters it, voluntarily and unnecessarily, cannot be regarded as exercising ordinary prudence, and therefore does so at his own risk." *Corlett* v. *City of Leavenworth*, 27 Kan. 673; *Schaefler* v. *City of Sandusky*, 33 Ohio St. 246; *Town of Gosport* v. *Evans, supra*.

"The law accounts it negligence for one, unless under compulsion, to cast himself upon a known peril, from which a prudent person might reasonably anticipate injury. *Morrison* v. *Board, etc.*, 116 Ind. 431.

"A man has no right to cast himself upon a known danger where the act subjects him to great peril. If there is a risk, apparent or known, that will probably

result in injury, he must not encounter it." *Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592.

It is true the appellee was required to exercise only ordinary care under the circumstances, and if he did exercise ordinary care, under all the circumstances, to avoid the injury, he cannot be charged with negligence contributing to the injury. But, as is said by McCabe, J., in *City of Bedford* v. *Neal,* 143 Ind. 425. "Ordinary care, however, is a relative term. What would be ordinary care under one set of circumstances might be gross negligence under a different set of circumstances."

The facts as to the manner in which this injury occurred are undisputed and in such a case it becomes the province of the court to determine whether or not they amount to negligence. *Louisville, etc., R. R. Co.* v. *Eves,* 1 Ind. App. 224.

When appellee's horse became frightened at first sight of the obstruction, the appellee was fully apprised of the danger. Had this injury occurred when the horse first came upon the obstruction the appellee would have a far different case from the one presented by this record. He was under no compulsion to urge his horse a second time up to the object. He voluntarily and unnecessarily encountered the danger, and it cannot be said he was exercising ordinary prudence in doing so, but that he did so at his own risk. There was a failure on appellee's part to establish one of the indispensable elements of his cause of action, namely, that his own failure to exercise ordinary care under the circumstances did not contribute to bring about the injury of which he complains. This being true it is not necessary for us to decide whether, under the circumstances, the town of Salem was guilty of negligence in permitting the street to become in the condition it was.

In our opinion the verdict was not sustained by the evidence, and the court erred in refusing to grant a new trial.

The judgment of the court below is reversed with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion. All concur.