## Town of Crown Point *v.* Thompson.

[No. 3,818.  Filed October 28, 1902.  Rehearing denied May 26, 1903.]

Muɴɪᴄɪᴘᴀʟ Cᴏʀᴘᴏʀᴀᴛɪᴏɴs. — *Obstruction of Street.* — *Notice.* — *Contributory Negligence.*—A complaint against a town for personal injuries, caused by the alleged negligence of defendant in permitting a large flag to be suspended in a principal street, which frightened plaintiff's horse as she attempted to drive under it, and caused the horse to run away and injure plaintiff, shows, on its face, that plaintiff was guilty of contributory negligence in attempting to drive under the flag, and was bad against demurrer. *pp. 195–200.*

Aᴘᴘᴇᴀʟ ᴀɴᴅ Eʀʀᴏʀ.—*Briefs.*—*Rehearing.*—It is too late for appellee to appear for the first time and file a brief after the case has been decided. *p. 201.*

From Porter Circuit Court; *A. D. Bartholomew,* Special Judge.

Action by Maggie A. Thompson against the town of Crown Point. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. C. McMahan,* for appellant.
*T. J. Wood,* for appellee.

Hᴇɴʟᴇʏ, P. J.—Appellant prosecutes this appeal from a judgment rendered by the Porter Circuit Court, in favor of appellee against the appellant, for $450. Her action was for damages for personal injuries sustained by her by being thrown from her buggy while driving on appellant's streets, it being alleged that her horse became frightened and ran away on account of an obstruction permitted by appellant to remain in its streets.

The complaint was in three paragraphs, which were substantially the same in so far as they relate to the question herein discussed and decided. The first paragraph of the complaint, omitting the caption, is as follows: "The plaintiff in said cause, Maggie A. Thompson, complains of the defendant the town of Crown Point, and avers that she

is now the wife, and was the wife on June 3, 1897, of David H. Thompson, and that their home is, and was at said date, near Leroy, Lake county, Indiana. The defendant the town of Crown Point was a municipal corporation in the month of June, 1898, and was such corporation many years prior to that date, and is now such municipal corporation, organized under the laws of the State of Indiana, and is known as the county seat of Lake county, Indiana. The plaintiff further avers that said defendant did, in the month of May, 1898, permit to be put up a large United States flag, to wit, forty feet long by twenty-five feet wide, by means of a rope attached to said flag, over Main street, and across the same at a point opposite the court-house, on the public square, and George Strabel's grocery store, on the east side of Main street, so that the same hung within six feet of the ground or street, and wrongfully and negligently permitted the same to remain up, with full knowledge thereof; that said flag wrongfully and negligently so suspended reached nearly across said street, and waved in folds and fluttered in every breeze many times a day, and said flag continued suspended in the manner and form aforesaid with the full knowledge, permission, and consent of the said defendant, its trustees, and officers, for a period of thirty days from the time it was put up, in the month of May, 1898; that Main street at the place aforesaid was on said date, and since said time, the main business thoroughfare or street in the said town of Crown Point, and the same was then generally traveled by horses and carriages, horses and wagons, and was then the most frequented with teams and carriages of any other place or street in the said town of Crown Point, and that said place where said flag was hung and left flying was then a continual business place, on account of the trade and traffic going on all the time with the many and various stores on the east side of said Main street, and in the immediate vicinity of said waving flag; that said flag, whether waving or not, was a

dangerous obstruction to said street, and to the traffic at said place on said street, in this, that it caused trusty and gentle horses to become frightened and unmanageable by the drivers, and that the same was an object that would frighten and make unmanageable all kinds of horses drawing loaded wagons, carriages, or vehicles of any kind or description, when driven or standing upon said street at the place where said flag was suspended as aforesaid and in the vicinity thereof. The plaintiff further avers that on the 3d day of June, 1898, she drove a well-broken and gentle farm horse along said Main street, hitched to a top carriage, where she had business to do, and near to and at the place where said flag was wrongfully, negligently, and unlawfully suspended, which was fully known to the said defendant and its officers, and where said defendant carelessly, wrongfully, negligently, and unlawfully permitted it to be suspended, and the said flag waving, when said plaintiff's horse approached the same to go under it or by it, became frightened and unmanageable, and violently shied to one side of said street where said flag hung, and caused the said carriage to collide with another vehicle, which caused her said carriage to upset and throw her (the plaintiff) violently to the paved street at the place where the said flag was negligently suspended, and which caused her great and severe physical injuries, to wit, to her head, which struck the pavement with great force which bruised the scalp and flesh and muscles of the head, and completely stunned her and made her unconscious, and she remained unconscious for several consecutive hours, and her collar bone was broken and greatly injured, and the flesh on her shoulders and the joints thereof were greatly bruised and injured; and that all of said injuries are permanent, and she is suffering great pain and sickness from said injuries at the present time, and that the same caused and doth now cause her a permanent disability, in this, that she is unable to move around with health and strength, and unable to

do any kind of work, and she suffers with sickness continuously on account of pain in her head, shoulders, and chest; that said injury was caused without any fault or negligence by plaintiff, and she did not in any manner contribute thereto. The plaintiff further avers that because of said injuries her health failed, and she is now so bad that she can not work and perform her household duties, and that she was attended by skilful physicians from the time of said injuries for and during the period of six months, and since that time she has used and is now using various medical remedies to stop her pain; that she has paid out $100 for medical attendance and for medicine. The plaintiff further avers that she was, and for a long time before the time of said injury had been, a good and careful driver of a horse, and of horses generally, and that she frequently drove the said horse from her home, near Leroy, to Crown Point, and safely returned home. Plaintiff demands judgment against the defendant for said injuries, on account of the said wrongful and negligent conduct of said defendant in permitting said flag to remain across said Main street, in the sum of $4,000, and she demands all other proper relief."

The specification of the assignment of errors is that the trial court erred in overruling the demurrer to the first paragraph of the complaint. Counsel for appellant argue that the complaint discloses that the appellee was guilty of contributory negligence. The complaint shows that the flag was suspended in a most public place; that the appellee could and did see it, and if the flag was a dangerous obstruction in the street, and, whether waving or not, was liable to frighten her horse, as her complaint avers, then she has disclosed her knowledge of the obstruction, and of its danger, and her means of knowing the danger. Being acquainted with both the surroundings and the horse she was driving, her knowledge of the danger was at all times greater than that of appellant.

In the case of *Town of Salem* v. *Walker,* 16 Ind. App. 687, this court said: "When appellee's horse became frightened at first sight of the obstruction, the appellee was fully apprised of the danger. Had the injury occurred when the horse first came upon the obstruction, the appellee would have a far different case from the one presented by this record. He was under no compulsion to urge his horse a second time up to the object. He voluntarily and unnecessarily encountered the danger, and it can not be said that he was exercising ordinary prudence in doing so, but that he did so at his own risk." The judgment of the trial court in the case cited was rendered upon the evidence, because, as is shown from the quoted part, the injured person knew of the danger. The evidence adduced upon the trial disclosed his knowledge of the danger which he voluntarily encountered, while in the case at bar the complaint discloses appellee's knowledge of the danger, if any, from the defect or obstruction in the street.

The statement of the rule of law governing cases of this kind made by the Supreme Court in the case of *Town of Gosport* v. *Evans,* 112 Ind. 133, 2 Am. St. 164, has been often cited and approved. In that case Mitchell, J., speaking for the court, said: "The authorities, however, lend no countenance to the notion that a person having knowledge of an obvious defect, or of a place in a highway which naturally suggests to a person of common understanding that it is dangerous, may, nevertheless, voluntarily cast himself into or upon the defect, upon the theory that he is not obliged to forego travel upon the highway. In *Horton* v. *Inhabitants of Ipswich,* 12 Cush. 488, the court said: 'The real point is, not whether the plaintiff was chargeable with any negligence in making his way over the road, after he had entered upon it; but whether he knew, or had reason to believe, that the road was dangerous, when he entered on it, or before he reached any dangerous place. If so, he could not,

in the exercise of ordinary prudence, proceed and take his chance, and if he should actually sustain damage, look to the town for indemnity.' *Parkhill* v. *Town of Broghton,* 61 Iowa 103. 'Where there is danger and the peril is known, whoever encounters it voluntarily and unnecessarily can not be regarded as exercising ordinary prudence, and therefore does so at his own risk.' *Corlett* v. *City of Leavenworth,* 27 Kan. 673; *Schaefler* v. *City of Sandusky,* 33 Ohio St. 246, 31 Am. Rep. 533. If the defect in the pavement, which the plaintiff voluntarily encountered, presented an obstruction, or was of such a character that the town of Gosport was bound to take notice of it, so that it was guilty of negligence in not repairing it, the conclusion follows necessarily that the plaintiff, having full and equal knowledge of its character, was guilty of contributory negligence in venturing upon it, no matter how carefully she may have prepared for the encounter, nor with how much care she went upon it. Her duty was to avoid the obstruction, or venture upon it at her own risk. *Durkin* v. *City of Troy,* 61 Barb. 437."

And so we might paraphrase a part of the language of Judge Mitchell, and say that if the flag presented such an obstruction in the street that the town of Crown Point was guilty of negligence in not removing it, we must, in all justice, conclude that appellee having full and equal knowledge of its character was guilty of contributory negligence in venturing under it. Applying the law, as here stated, to the averments of appellee's complaint, we must hold each paragraph of this complaint insufficient.

Judgment reversed, with instructions to the trial court to sustain appellant's demurrer to the first, second, and third paragraphs of complaint.

## On Petition for Rehearing.

Henley, J.—Counsel for appellee did not file a brief in this case prior to its decision, and now for the first time, upon petition for a rehearing, seeks to discuss the questions argued by counsel for appellant. It is too late for counsel for appellee to appear after the case has been decided. *City of Bedford* v. *Neal,* 143 Ind. 425.

The petition for a rehearing is overruled.