## CRAIG ET AL. v. ZENT.

[No. 7,792. Filed December 20, 1912.]

1. NEGLIGENCE.—*Contributory Negligence.—Jury Question.*—A court is not justified in declaring as a matter of law that a party was guilty of contributory negligence, simply because the facts relating to his conduct are undisputed and seem to indicate a want of due care, but if different inferences may reasonably be drawn from such facts, the question is for the jury. p. 20.

2. WITNESSES. — *Examination.* — *Cross-examination.* — *Evidence.* —While ordinarily a statement against the interest of a party, made in his absence, is not admissible as evidence against him, where, in an action for damages, defendant's attorney elicited from plaintiff on cross-examination part of a conversation had between such attorney and plaintiff, relative to the damage to certain articles, exclusive of plaintiff's horse, it was proper on the redirect examination to show what was further said in relation to the same subject, although it was also thereby shown that defendant's attorney had told plaintiff he ought to have $100 for the damage to his horse. p. 20.

3. TRIAL.—*Reception of Evidence.—Objections.—Time.*—Where a question asked a witness is of such character as to indicate that its answer will divulge matter that is incompetent, an objection to be available, should be interposed before the answer is made. p. 22.

4. APPEAL.—*Review.—Evidence.—Damages.*—Where, in an action for damages, the evidence shows injuries to the person of appellee, which, though slight, are not capable of being definitely ascertained, a verdict for $100 will not be set aside on the ground that the damages are excessive. p. 22.

From Huntington Circuit Court; *Burdge H. Hurd,* Special Judge.

Action by Sylvester Zent against John Craig and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Fred H. Bowers* and *Milo N. Feightner,* for appellants. *Watkins & Butler,* for appellee.

LAIRY, J.—Appellants, who are the owners of a machine for drilling wells, left it standing by the side of the high-

way. This action was brought by appellee to recover damages for personal injuries, and also damages to his horse and buggy occasioned by his horse taking fright at the machine and running away. Appellee recovered a judgment in the sum of $100, from which judgment this appeal is prosecuted.

The action of the trial court in overruling appellants' motion for a new trial is the only one presented by the briefs.

The first question discussed by appellants relates to the sufficiency of the evidence to sustain the verdict. On this question it is asserted that the undisputed evidence

1.  shows a state of facts from which the court can say, as a matter of law, that appellee was guilty of contributory negligence in attempting to drive his horse past the machine, after he saw it at the side of the road. A court is not justified in declaring as a matter of law that a party was negligent, simply because the facts relating to his conduct are undisputed and seem to indicate a want of due care. If different inferences may reasonably be drawn from the undisputed facts, it is the province of the jury to draw the inference, and thus to determine whether the party was guilty of negligence. We have carefully examined all of the evidence relating to the conduct of appellee, and we are clearly of the opinion that the question of contributory negligence was one of fact for the jury.

Appellants cite and rely on the case of *Town of Salem* v. *Walker* (1897), 16 Ind. App. 687, 46 N. E. 90, but the facts as disclosed by the evidence in this case do not bring it within the rule announced in that decision.

Appellants next complain of the ruling of the court in permitting the plaintiff to testify to a statement made to him by Mr. Bowers, at the law office of Bowers &

2.  Feightner, in the absence of defendants. While plaintiff was testifying as a witness in his own behalf, he stated on reexamination, in response to a question pro-

pounded by his attorney, that Mr. Bowers said in this con-
versation that plaintiff ought to have $100 damages for
his horse. Ordinarily a statement of this kind would be
inadmissible as evidence against the defendants. It is
claimed by counsel for plaintiff that the admission of this
evidence was justified, on the ground that defendants in
cross-examination went into the transaction and developed
a part of what was done and said, and that it was proper
on further examination to show the rest of what was said
on the same subject. Defendants' attorney on the cross-
examination of this witness did not ask him to relate any-
thing that was said at the time this list was made out. The
cross-examination shows that some conversation was had
on the subject of damages to the other personal property
mentioned, and that a list was made out which did not in-
clude damages to the horse. It also shows that Mr. Bowers
estimated the damages to the property mentioned in the list,
and that plaintiff, at the time, mentioned the damage to
the horse. The witness was not asked on cross-examination
to relate any part of the conversation, and he did not state
anything that was said, except that he mentioned to Mr.
Bowers that the horse was damaged, and this statement was
volunteered by the witness, not being responsive to the
question. Under such a state of the evidence, we do not
think that it was competent on reexamination to show what
was said as to the amount of plaintiff's damages. But in
this case it appears that Mr. Bowers was appearing at
the trial of the case as one of the attorneys for defendants,
and as such conducted the examination of plaintiff. In this
examination he elicited the fact that a list of the property
damaged was made out, in which damage to the horse was
not mentioned. Plaintiff on cross-examination, in response
to a question by Mr. Bowers, testified that Bowers made
out this list and estimated the damages; and that plaintiff
at the time mentioned the damage to the horse. From this
cross-examination it appears that the damages to various

articles of personal property were discussed, and that Bowers made out a list and estimated the damages to the other articles, but did not include the damage to the horse, although it was mentioned by plaintiff. Defendants having gone into this transaction, and having developed a part of what was done and said there, the court did not err in permitting plaintiff, on reexamination, to show what was further said in relation to the same subject. The error, however, is not available to reverse the judgment, for the reason that a timely objection was not made to the question which elicited the testimony. As shown by the record, defendants made no objection at the time the question was asked, but waited until the answer had been given, and then objected. The question was of such a character as to indicate that its answer would divulge at least a part of the conversation had between plaintiff and Mr. Bowers. If the evidence thus sought to be elicited was incompetent, defendants might object, and have the evidence excluded, or they might waive the objection and permit it to go in; but they cannot wait until after the answer is made, and then permit it to remain if favorable, or, by objecting, have it excluded if unfavorable. *Pence* v. *Waugh* (1893), 135 Ind. 143, 34 N. E. 860; *Pennsylvania Co.* v. *Witle* (1896), 15 Ind. App. 583, 43 N. E. 319, 44 N. E. 377.

Appellants also contend that the damages are excessive. On this question we may remark that the evidence shows injuries to the person of appellee, which, though slight, are not capable of being definitely ascertained, and as the damages assessed are only $100, we do not regard them as excessive.

Judgment affirmed.

NOTE.—Reported in 100 N. E. 94. See, also, under (1) 29 Cyc. 631; (2) 40 Cyc. 2526; (3) 38 Cyc. 1390; (4) 3 Cyc. 381.