## JACKSON ET AL. *v.* FOLSOM.

[No. 22,859.   Filed March 14, 1918.]

1. TRIAL.—*Instructions.*—*Province of Jury.*—In a will contest, it is error for the court to instruct the jury that the children of the testator and the descendants of any children that are dead are the natural objects of his bounty if no widow survives, the question being one of fact for the jury.   p. 260.

2. WITNESSES.— *Competency.*— *Conversations with Testator.*— *Will Contests.*—In an action to contest a will, parties to the action either as heirs of the testator or as devisees under his will were competent to testify as to the acts, conduct and conversations of the testator, in so far as such matters were open to the friends and acquaintances of the deceased, as bearing

upon his mental soundness, notwithstanding the provision of §522 Burns 1914, §499 R. S. 1881. p. 262.

3.   EVIDENCE. — *Conclusions.* — *Disposition.* — *Testator.* — It was error to permit a witness to testify, over objection, in a will contest that the testator was a kind man who would not be unjust to any of his children, the statement being a conclusion of the witness. p. 263.

4.   EVIDENCE.—*Conclusions.*—*Testator's Disposition.*—The statement by a witness in a will contest that the testator regarded his family relations as sacred was a conclusion of the witness and should have been excluded on objection. p. 263.

From Hamilton Circuit Court; *James M. Berryhill,* Special Judge.

Proceedings to probate the last will of John Puckett, deceased, in which objections were filed by Olive A. Folsom. From a judgment for the objector, James M. Jackson and others appeal. *Reversed.*

*Gifford & Gifford, Kane & Kane, Every A. Mock* and *Shirts & Fertig,* for appellants.

*H. N. Spaan, P. A. Bear, Joseph Roberts* and *Charles E. Cox,* for appellee.

LAIRY, J.—A writing purporting to be the last will of John Puckett, deceased, was tendered for probate in the circuit court of Tipton county by appellants. Appellee, a daughter of John Puckett, filed objections to such probate on the ground that the execution of the will was obtained by undue influence, and also on the ground that John Puckett was of unsound mind at the time he executed the writing in question. At the conclusion of the evidence in opposition to the probate of the will, the proponent filed a motion for an order of court withdrawing the issue of undue influence from the consideration of the jury on the ground that there was no evidence to sustain such issue. Appellee consented that the motion might be sustained, whereupon the court withdrew from the further consideration of the jury the issue based on the allegation of undue influence in the

execution of the will. At the close of the evidence the case was submitted to the jury upon the remaining issue and a verdict was rendered in favor of appellee. After overruling a motion for a new trial filed by appellants, the court entered judgment by which the instrument of writing offered as the will of John Puckett was denied probate. The only error assigned by the appellants is the error of the court in overruling the motion for a new trial, under which several questions are presented.

Appellants claim that some of the instructions to the jury were erroneous and prejudicial to their rights. The thirteenth instruction given by the court of its own motion is as follows: "When a man dies leaving no wife surviving him, but leaves children and their descendants surviving him, the law would ordinarily recognize such children and their descendants as natural objects of his bounty when he executes his last will and testament, and if, without any reason, he either wholly or to any considerable extent disinherits any of the natural objects of his bounty, such conduct upon the part of the testator becomes a part of the evidence which the jury trying a will contest, such as this case, have the right to consider along with all of the other evidence in the case upon the issue of unsoundness of mind. If, therefore, you find from the evidence in this case, that at the time the instrument in question was executed by the decedent, John Puckett, he was the owner of an estate both real and personal, and left surviving him, among others, the plaintiff, Olive A. Folsom, his daughter, and you further find from the evidence that at the time of executing said instrument, the alleged will in question, there was no reason why he should, in disposing of his estate, discriminate against her, and you further find from the evidence that the alleged will does discriminate against her to any considerable extent, you may take that fact, if it be a fact, into consideration

along with all the other evidence in the case, when you come to determine whether or not said John Puckett was a person of sound mind when he executed the said alleged will. And, on the other hand, if you find from the evidence in this cause that there was a reason or reasons why said John Puckett should or might discriminate against the plaintiff in the distribution of his estate by will, if he did so discriminate, then you may take the fact, if it be a fact, into consideration with all the other evidence in the case when you come to determine whether or not said John Puckett was of sound mind at the time he executed the instrument in question purporting to be his last will."

The majority of the court holds that this instruction does not correctly state the law for the reason that it informs the jury, as a matter of law, that the

1. children of a testator and the descendants of such of his children as are dead, are the natural objects of his bounty, where he dies leaving no widow. In so holding the court adheres to the previous decision of this court in the case of *Breadheft* v. *Cleveland* (1915), 184 Ind. 130, 108 N. E. 5, 110 N. E. 662. In that case it was held that it was not the province of the court to determine and state to the jury what persons were the natural objects of a testator's bounty in any case or under any state of facts; but that, in all cases, the jury should be permitted to find as a fact what persons were the natural objects of the testator's bounty. The giving of an instruction similar to the thirteenth instruction given in this case was held to be reversible error in the case of *Breadheft* v. *Cleveland, supra,* and an adherence to the rule there announced necessarily requires a reversal of the judgment in this case.

The writer of this opinion was unable to assent to the rule announced in the case of *Breadheft* v. *Cleveland, supra,* and a further consideration of the question has

not convinced his mind that the principle therein stated and here followed is sound. In writing an opinion expressive of the views of the court, it might not be considered good taste for the writer. to attempt to combat the conclusion reached by stating his reasons for holding an opposite opinion. I therefore refrain from expressing my views on the subject further than to say that there are cases in my opinion where reasonable minds could find no grounds to differ as to the persons who were the natural objects of the bounty of a testator. Where a testator at the time he makes a will has a wife and children, I think that all right-minded persons would agree that they were the natural objects of his bounty. All human experience and observation teaches that there is a natural feeling in the heart of every normal parent which prompts him to protect and provide for his offspring, and there is no duty more sacred or more generally recognized than the obligation of the husband to make provision for the care and support of his wife. I am therefore of the opinion that the court may safely tell a jury that the wife and the children are as a matter of law the natural objects of the husband's and father's bounty. In cases where the testator has no close family ties and where his only relatives are remote kindred, it is no doubt true that reasonable minds could differ as to what persons would be the natural objects of his bounty. In such a case the question would be one of fact for the jury. Such was the case of *Barnes* v. *Phillips* (1915), 184 Ind. 415, 111 N. E. 419. An interesting article bearing on this subject is found in 11 Illinois Law Review 286.

By the tenth instruction the jury were instructed on the subject of insane delusions and the effect of such delusions, if shown, on the will of testator. Appellant asserts that this instruction should not have been given for the reason that there was no evidence from which

the jury could have found or properly inferred that the decedent at the time of making the will was possessed of any insane delusion which could have affected the disposition of his property. A determination of the question thus presented would involve a consideration of the evidence. The evidence on a retrial of the case may differ in some respects from that now before this court, and in that event any opinion of this court based on the evidence could be of no value.

Some of the witnesses introduced on behalf of appellees were parties to the action, either as heirs of the testator or as devisees under his will. In an action to contest a will it has been held that such witnesses are competent to testify as to matters which occurred during the lifetime of the testator, notwithstanding the provision of §522 Burns 1914, §499 R. S. 1881, but the testimony of such witnesses must be limited to such matters as were open to all of the friends and acquaintances of the deceased ancestor. *Lamb* v. *Lamb* (1886), 105 Ind. 456, 5 N. E. 171. In the case cited it was held that such witnesses were competent to testify as to the mental soundness of the testator and in so doing that they might testify to his acts, conduct and conversations as bearing upon that subject. Appellants' counsel concede the rule as stated, but they assert that the testimony to which they object as given by these witnesses had no bearing on the question of the soundness of mind of the testator and should have been excluded for that reason. It would be difficult for a court to say as a matter of law that any particular act or conversation of a testator concerning which evidence may be offered could have no bearing on the question of his soundness of mind. In so far as the evidence by these witnesses related to the conduct and demeanor, the acts and conversations of the testator, they were competent.

The court should not have permitted the witness Foster to testify over the objection of appellants that

3. testator was a kind man who would not be unjust to any child of his. This was a mere conclusion of the witness. The same may be said as to the testimony of Samuel Barrow to the effect that

4. the testator regarded his family relations as sacred. This should have been excluded.

Other questions presented may not arise on a retrial and, for that reason, they are not considered. Judgment reversed for error of the court in giving instruction No. 13, with instructions to sustain appellants' motion for a new trial.

Myers, J., concurs in the personal views expressed by the writer of the opinion.

NOTE.—Reported in 118 N. E. 955. Witnesses: statutes prohibiting a witness from testifying to a transaction with decedent, applicability to proceedings to probate or contest wills, Ann. Cas. 1914A 982. See under (1) 40 Cyc 1331; (2) 40 Cyc 2322; (3, 4) 17 Cyc 209.