CITIZENS STATE BANK, EXECUTOR ETC. ET AL. *v.*
KELLEY ET AL.

[No. 19,056. Filed November 20, 1959. Rehearing denied
January 15, 1960. Transfer denied February 26, 1960.]

*Atkinson & Sanders,* of Auburn, and *C. E. Mc-Clintock,* of Waterloo, for appellants.

*Grimm & Grimm, Howard S. Grimm, Jr.,* of Auburn, and *Springer & Angelone,* of Butler, for appellees.

GONAS, C. J.—Appellees brought this action to contest the will of one Herschel Clyde Kelley. Trial to a jury resulted in a verdict for the appellees deciding that the instrument probated is invalid, that it is not the last will and testament of decedent and that its probate should be set aside. Judgment was rendered accordingly.

Appellant contends that the action of the court in submitting the cause to a jury for trial is error. It

appears that an answer was filed to the original complaint on December 6, 1955. Thereafter, on April 24, 1956, appellees, with the consent of the trial court, filed an amended complaint and requested a trial by jury. Appellants filed their motion to strike the amended complaint on the ground that it is a sham pleading filed for the sole purpose of evading Supreme Court Rule 1-8A. This motion to strike was overruled. No objection was made by appellants to the submission of the cause to the jury for trial, and appellants do not show any prejudice resulting from the action of the court. The question presented by appellants has been decided adversely to them. See *Aetna Casualty and Surety Co.* v. *Acme-Goodrich, Inc.* (1959), 130 Ind. App. 432, 159 N. E. 2d 310. *Doll* v. *Anderson* (1865), 27 Cal. 248; *Shores* v. *Murphy* (1956), 88 So. 2d 294. See §2-1204, Burns' 1946 Replacement.

The amended motion for new trial challenges the admission in evidence of testimony of only one witness, appellee Mary Delia Nodine, a child of decedent who was called as a witness on her own behalf. Objection was made that she was not a competent witness to testify to anything that happened prior to the death of the decedent.

As appellants state, where the objection is to the right of the witness to testify at all, the question for the court to pass upon is not as to the competency of the testimony, but as to the competency of the witness himself, citing *The State, ex rel. Steigerwald* v. *Thomas* (1887), 111 Ind. 515, 13 N. E. 35. See also *State* v. *Hamer* (1936), 211 Ind. 570, 582, 199 N. E. 589.

An objection to the competency of a witness to testify at all as to any matter that occurred during the lifetime

of decedent is properly overruled where the witness is competent to testify as to some matters. *Baker* v. *State Bank of Akron* (1943), 112 Ind. App. 612, 624, 44 N. E. 2d 257; *Brown et al.* v. *Grove* (1888), 116 Ind. 84, 18 N. E. 387. The objection here was properly overruled. It appears that the witness was competent to testify to some matters which occurred prior to the death of decedent and which were open to all the friends and acquaintances of the decedent as a basis for expressing an opinion as to the mental soundness of the decedent, notwithstanding the provisions of §2-1716, Burns' 1946 Replacement; *Jarrett* v. *Ellis* (1923), 193 Ind. 687, 141 N. E. 627; *Wiley* v. *Gordon* (1914), 181 Ind. 252, 104 N. E. 500; *Jackson* v. *Folsom* (1918), 187 Ind. 257, 118 N. E. 955; *Lamb et al.* v. *Lamb et al.*, (1885), 105 Ind. 456, 5 N. E. 171; *Staser et al.* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990.

Appellants contend under grounds 5, 6, 7 and 8 of their amended motion for new trial that there was error in the admission of certain exhibits in evidence during the redirect examination of Mary Lelia Nodine. Any possible error in the admission of these exhibits has been waived by appellants by failure to support their argument with authorities. *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *Craig* v. *Zent* (1912), 52 Ind. App. 19, 100 N. E. 94; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494.

Appellants objected to the giving of appellees' instruction No. 15, which told the jury: (Appellee calls to our attention that this is actually Instruction No. 16).

"Undue influence need not be directly applied as in the use of physical force or threats or intimidation, but may consist of fraud, artifice, cunning, or

control of the will of another, through confidence or kindness, if such confidence reposed or kindness shown goes to the extent of enabling such other persons to substitute his will for that of the testator."

The objection was "for the reason that said instruction told the jury that any influence exerted over the testator through kindness or confidence reposed in any person constituted undue influence whereas the jury had the right to take into consideration any kindness shown to the testator by defendants if such kindness was so shown and any such kindness would not constitute undue influence, but on the contrary would be a very cogent reason for a testator favoring one or more persons over others of equal degree of relationship and could not be considered as undue influence."

We do not understand this instruction to have the meaning which appellants ascribe to it in their objection. It does not state that any influence exerted through kindness or confidence reposed constitutes undue influence. Rather, it states that undue influence may consist of fraud, artifice, cunning, or control of the will of another through confidence or kindness, if it goes to the extent of enabling such other persons to substitute his or their will for that of the testator.

Instructions must be considered as a whole. Another instruction given by the court specifically told the jury that influence which one person acquires over another merely by virtue of relationship or by services rendered or kindly treatment does not constitute undue influence, but are matters fairly to be considered by a testator in making disposition of his property by will. It is apparent from a consideration of all the instructions given by the court that the law was stated with substantial accuracy so that the jury could not be misled, and the giving of said instruction

is not ground for reversal. *Burks* v. *Walters* (1957), 127 Ind. App. 358, 367, 141 N. E. 2d 872, and cases there cited.

Judgment affirmed. Bierly, Kelley and Smith, JJ., concur.

NOTE.—Reported in 162 N. E. 2d 322.