SullivaN, J.
Disseisin by Smith against Allen, and judgment for the plaintiff. The evidence of the plaintiff was objected to by the defendant, but the objection was overruled. The defendant excepted, and spread the evidence on the record.
The chain of title introduced by the plaintiff was, 1, A patent from the United States to John Smoeh for one of the tracts of land sued for; 2, A patent from the United States to said Smoeh and John Cutler for the remaining tract; 3, A deed from Cviler to the heirs of John Smoeh for the equal undivided half of the last-mentioned tract of land; 4, A deed for both tracts from Smoeh’s heirs to the plaintiff. It ^appeared in evidence that one Ogle, on the 9th of October, 1832, having no title whatever to the land, conveyed it to one Carson., who conveyed it, on the 26th of October, 1841, to Smith, the plaintiff below. Allen, at the time of the conveyance to Smith from Carson, as well as at the date of the deed from Smoch’s heirs to Smith, was in possession by. virtue of a purchase from Carson, as an evidence of which he held the title-bond of Carson, by which the latter obligated himself to make a deed to Allen so soon as he should pay the purchase-money. It was proved that John Smoeh was in the possession of the land at the time of his death, and that Allen, at the date of the conveyance from Smoeh’s heirs to Smith, was in possession by virtue of his purchase from Carson. The suit was com *568 menced on the 14th of November, 1842, and a notice to quit was served on the 12th of January, 1842.
In the action of disseisin, as in the action of ejectment, the legal title must prevail; and if there be no valid objection to the title of Smith, the judgment of the Circuit Court should be affirmed. <
In the first place, the deed from Smock’s heirs to Smith is said to be void, on the ground that Allen was in adverse possession of the premises at the time of the purchase by Smith, and at the date of his deed. This objection is not well founded. A possession and claim of land under an executory contract of purchase, is not such an adverse possession as will render a deed from the true owner void for champerty or maintenance. Instruments which do not purport to convey title, can not be the foundation of an adverse possession. Jackson d. Swartwout v. Johnson, 5 Cowen, 74; The Proprietors, &c., v. McFarland, 12 Mass. R., 325; Higginbotham v. Fishback, 1 Marsh. (Ky.) Rep., 506; Kirk et al. v. Smith, 9 Wheat., 288. A contrary opinion was expressed by the Chancellor of New York, in the case of La Frombois v. Jackson, in the Court of Errors, 8 Cowen, 589, 597, but it was the only opinion expressed as to -the effect of a claim of equitable title as a foundation of an adverse possession. The point was not adjudicated in that case. According to all the adjudged cases, the colour and claim of title in cases of adverse possession, however defective it may be, must be a colour and claim of legal title, and not a mere equity.
*On the trial, the defendant objected to the introduction of the deed from Carson to Smith because its execution was not duly proved. It is not at all necessary in this case to examine the defendant’s objections to the admissibility of the deed. The plaintiff’s title is complete without that deed, and the defendant holds no title from Carson which can avail him in this action. Admitting, therefore, that the proof of the execution of that deed was insufficient, it can not affect the merits of this case.
From the view we have taken of the case, there was no *569 privity of contract or estate between the plaintiff and the defendant, and notice to quit was not necessary. Bowser v. Warren, 4 Blackf., 522.
W. Quarles, P. Sweetser, and IT. O’Neal, for the appellant.
II. Brown, W. W. Wick, and L. Barbour, for the appellee.
Per Curiam.—The judgment is affirmed with costs.