Nov. Term,
1844.

ALDRIDGE *v.* DUNN and Others.

ALDRIDGE
v.
DUNN.

The vendor of real estate took a promissory note for a part of the purchase-money payable some months after date, considering the buyer able to pay. When the note fell due, the payee proposed to the maker that if the latter would pay him a part of the money, he would give a credit of several months longer for the balance. The payment of part was accordingly made, the old note taken up, and a new one given for the balance payable at a future day. When the new note was given, the maker had sufficient property, besides said land, to pay the debt; and the complainant afterwards endeavoured, without effect, to collect the debt by a suit at law. *Held*, that these circumstances did not affect the vendor's equitable lien on the land sold for the unpaid purchase-money.

A purchaser of real estate for valuable consideration and without notice, is not bound by an equitable lien on the land for unpaid purchase-money; but the law is otherwise as to judgment-creditors.

If a defendant in chancery die before he has answered, the suit can only be revived by a bill of revivor; but if he die after answer filed, the suit may be revived by virtue of the statute, on motion of the complainant, without such bill.

APPEAL from the *Posey* Circuit Court.

*Tuesday,
November* 26.

BLACKFORD, J.—This was a bill in chancery filed in *July*, 1842, by the appellant, to enforce an equitable lien on real estate in *Posey* county, for unpaid purchase-money. The material facts are as follows:

In *January*, 1841, the complainant sold and conveyed to *Dunn*, one of the defendants, a certain tract of land for 550 dollars, received at the time 400 dollars of the purchase-money, and took the purchaser's promissory note for the remaining 150 dollars, payable in *July* following. Something was said at the time of the sale about the buyer's giving a mortgage, but a person present observed that the buyer was as good as any one for the balance due, and the complainant seemed to coincide in that opinion. The 400 dollars thus paid, were borrowed by *Dunn* of one *Rogers*, agent of *Lougee* and *Moore*, to secure which *Dunn* promised to give a mortgage on said land, but none was ever given. When said note fell due, the complainant proposed to the maker that if he would pay him 50 dollars, he would give until the first of *March* following for the payment of the balance. *Dunn* accordingly paid the 50 dollars, took up the old note, and gave the complainant a new one for the balance, payable the first of *March* following. The 50 dollars so paid were also borrowed of

Nov. Term, 1844.

ALDRIDGE
v.
DUNN.

*Rogers*, agent as aforesaid. When the last note was given, the complainant asked *Rogers* if he had, or observed that he had, a mortgage on said land; *Rogers* replied that he had not, but that he had the promise of one. *Dunn*, at that time, had sufficient property, besides said land, to pay the debt; and *Rogers* then knew that the last-named note was for the balance of said purchase-money. In *October*, 1841, the complainant took out a writ of *ne exeat* against *Dunn* on the last-named note, in which case special bail was taken, but in *April* following, the principal being surrendered by the bail, was discharged under the act abolishing imprisonment for debt. In *November*, 1841, *Dunn* confessed, before a justice of the peace, judgments in favour of *Lougee* and *Moore* for the amount lent to him as aforesaid, and judgments also in favour of *Hinch* and *Leonard*, transcripts of which were filed in the clerk's office of the Circuit Court of said county. In *March*, 1842, the complainant sued *Dunn* on the note for 100 dollars, obtained judgment, and took out execution thereon, which was returned *nulla bona*. There are some other matters stated in the answers, but they are not of such a character as to be evidence in the cause.

The Court decreed that the judgments of *Hinch* and *Leonard* be enjoined, and that the bill be dismissed as to the other defendants.

The complainant, in consequence of the sale, had an equitable lien for the part of the purchase-money which was not paid, the taking of the note for the amount not affecting the case; Sugd. Vend. 61; and there is not sufficient evidence to show that the lien has been abandoned. That the complainant considered the purchaser able to pay; that when the first note fell due, the time for payment of part of the amount was extended; that the purchaser then had sufficient property, besides said land, to pay the debt; and that the complainant endeavoured, without effect, to collect the debt by a suit at law, cannot, we think, make any difference as to the complainant's claim. Nor do the judgments confessed affect the equitable lien in question. A purchaser for valuable consideration, without notice, is not bound by such lien; but the law is otherwise as to judgment-creditors. Story's Eq. 480. We think, therefore, that the bill ought not to have been dismissed.

There is, also, an error in the proceedings previous to the decree.  The complainant, in the course of the cause, suggested the death of *Lougee*, one of the defendants, and the suit, on the complainant's motion, was revived against the heirs of the deceased.  If *Lougee* had filed an answer before his death, the suit might, by virtue of the statute, have been revived on the complainant's motion; R. S. 1838, p. 442; but there was no such answer, and a bill of revivor was therefore necessary.

*Per Curiam.*—The decree dismissing the bill as to some of the defendants is reversed, and the proceedings against the heirs of *Lougee* set aside.  Cause remanded, &c.

*J. Pitcher*, for the appellant.

*G. S. Green*, for the appellees.