Nov. Term, 1853.
———
NEAL
v.
PRESSELL.

---

## NEAL and Others *v.* PRESSELL and Another.

Where land of a judgment-debtor is sold at sheriff's sale to satisfy the judgment, the record is constructive notice of all the proceedings under the judgment.

A judgment-debtor whose land was levied upon by an execution, procured a third person to bid off the land at the sheriff's sale, with a privilege to him to redeem, &c., and afterwards continued in possession. *Held*, that his possession was not adverse as to the purchaser.

*Saturday, December* 31.

APPEAL from the *Marion* Circuit Court.

STUART, J.—*Andrews* filed his bill in chancery against *Neal* and *Pressell*, alleging that in 1840 one *Gregg* had recovered a judgment at law in the *Marion* Circuit Court against *Pressell* for 57 dollars and 28 cents, on the transcript of a justice, and execution awarded accordingly, which was levied on part of lot 7 in square 28 in *Indianapolis*, as the property of *Pressell*. On the morning of the sale, *Pressell* agreed with the defendant *Harlan*, that he should bid off the property at sheriff's sale for 110 dollars, and *Pressell* would, in a given time, redeem, &c. *Harlan* purchased accordingly and received a deed, and afterwards conveyed to *Andrews*, with a full knowledge on the part of *Andrews* of all the facts. Subsequently

*Pressell* conveyed to *Neal* with constructive knowledge, at least, on the part of *Neal*, of the several matters of record, judgment, execution, sheriff's sale, &c.

It should be further stated that *Pressell* tendered the money in due time to *Harlan* and demanded a deed; and that *Pressell* was in possession at the time of the sheriff's sale, and so continued for some time thereafter.

These are the material facts of the case as gathered from the whole record.

The bill prays that *Neal* may be enjoined from further prosecuting his action of ejectment, &c., and that the deed to *Neal* be set aside, &c. The decree of the Court is, that *Harlan's* deed be set aside, and that *Andrews* have a lien on the lot for 110 dollars and interest.

It is claimed that *Neal* was an innocent purchaser, &c. The record was constructive notice of all the proceedings under the judgment.

It is further claimed that *Harlan* was a mere trustee, &c. That is just what the decree has substantially made him in the person of *Andrews* his vendee with notice. 7 Blackf. 249.—4 *id.* 383.

The possession of *Pressell* is claimed as adverse. That position is untenable. 6 Blackf. 527.—2 Ind. R. 17.

*Per Curiam.*—The decree is affirmed with costs.

*J. L. Ketcham*, for the appellants.

*H. O'Neal*, for the appellees.