## CLOUSE *v.* ELLIOTT ET AL.

### No. 6643.

REAL ESTATE.—*Action to Recover.*—*Proof as to who were Heirs.*—*Competency of Witness.*—In an action to recover the possession of land, it is no objection to the competency of a witness, offered on behalf of plaintiff to prove who were the heirs of a certain deceased former owner, that such witness was an heir of such former owner, and a grantor of the plaintiff; the matters testified to not having occurred prior to the ancestor's death.

HUSBAND AND WIFE.—*Witness.*—*Competency.*—Where a husband and wife bring an action to recover lands in which both have an interest, the fact that the wife has such interest does not render the husband an incompetent witness in his own behalf.

SAME.—*Sufficiency of Demand in Action for Possession.*—In such an action, the plaintiff proved not only a verbal demand for possession, but that

one of the plaintiffs undertook to read a written demand, which defendant refused to permit him to do, and thereupon he threw the written demand in defendant's house.

*Held,* that, if any demand were necessary, one was well shown.

CONVEYANCE.—*Deed Made to Land held Adversely is Void.*—A deed made to one while another is in adverse possession is void.

SAME.—*What Constitutes Adverse Possession.*—Where one takes possession under a verbal agreement, according to which he is to have a deed upon performance of certain conditions by him, his possession is not adverse until the performance of such conditions.

SAME.—*Specific Performance.—Tender.*—Such a person, having shown neither performance nor a tender of performance on his part of such a verbal contract, is not entitled to specific performance thereof.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler* and *F. L. Prow,* for appellant.

*A. B. Collins,* for appellees.

ELLIOTT, J.—The issue upon which this action was tried was formed by appellant's answer of general denial, addressed to appellees' complaint for the recovery of real estate. Appellees recovered judgment for the possession of the real property in controversy.

The questions arise upon the ruling denying a new trial.

Complaint is made of the ruling of the circuit court, permitting one Eliza J. Mitchell to testify who were the heirs of Jacob A. Wilcox, deceased. The witness was herself one of the heirs of the deceased, and one of the grantors in the deed through which appellees derived title.

The objection pressed by appellant is, that, as the witness was an heir and a grantor of the appellees, she was not a competent witness as to matters occurring prior to the death of the ancestor, and that naming the heirs was testifying to matters which occurred prior to the ancestor's death.

There is no force in the objection. No one can have heirs in his lifetime; there may be heirs apparent, but

not heirs.    The question of heirship invariably arises after death.

William A. Elliott, one of the plaintiffs and the husband of his co-plaintiff, was permitted to testify, and of this ruling appellant complains.

This question is settled against appellant.    The witness, William A. Elliott, was, under the statute of 1867, unquestionably a competent witness in his own behalf, for he had a substantial interest in the subject-matter of the action. The fact, that his wife also had an interest and was his co-plaintiff, did not render him incompetent.    *McConnell* v. *Martin,* 52 Ind. 434; *Rogers* v. *Rogers,* 46 Ind. 1.

The appellant insists that the finding of the court is not sustained by the evidence, because it is not shown that appellant's possession was wrongful.

The position is untenable.    It is shown, not only that a verbal demand for possession was made, but also that one of the plaintiffs undertook to read a written demand for possession to appellant; that he refused to permit it to be read to him, and that the instrument was upon such refusal thrown into appellant's house.    If any demand was necessary, one was here well shown.    It is a familiar rule, that, if one refuses to hear the reading of a judicial writ, he will not be allowed to aver that it was not served upon him, and there is no reason why the general principle on which that rule rests should not apply here.

Clouse, the appellant, was in the possession of the land in controversy, at the time of the execution of the deed upon which the appellees' claim of title is rested, and counsel claim that the deed was void, because made while the appellant was in adverse possession.    The aid of the familiar rule, that a deed is void when made to one while another is in adverse possession, is invoked and confidently relied upon as entitling appellant to a reversal.

If the assumption of appellant, that there was an adverse

possession is correct, then his argument must prevail. The evidence shows that there was a parol contract between the appellees' grantor and the appellant, wherein the said grantor agreed to convey to appellant upon the performance of certain acts; but it does not appear that there was performance on the part of the appellant. It does appear, however, that he entered into possession under the parol contract. The possession, thus taken, was not adverse. In *Allen* v. *Smith*, 6 Blackf. 527, in was held that the possession of a vendee, taken under a bond for title, was not adverse. In *In re Department of Parks*, 73 N. Y. 560, it is said:

"It is too well settled to be disputed, that one who enters upon land under a mere agreement to purchase does not hold adversely as against the vendor until his agreement has been fully performed, so that he has become entitled to a conveyance." *Cole* v. *Wright*, 70 Ind. 179.

Other cases might readily be cited, but this we deem unnecessary, for the doctrine is so obviously right upon principle that it needs but little support from adjudicated cases. The vendee in such cases does not enter into possession under a specific claim of title, but enters into possession upon condition that he can not have a title until he shall have performed certain acts stipulated in the executory contract of purchase.

The claim of appellant, that he had performed his contract and was, therefore, entitled to a decree enforcing specific performance, is not so supported by the evidence as to warrant us in setting aside the finding of the court. There is conflict in the evidence, but we think the court was warranted in acting upon the testimony, that, after the death of the grantor of appellees, there had been a full settlement of accounts, and that, so far from the deceased's having been indebted to the appellant, the latter was in fact the debtor. There is still another reason why the claim of appellant can not be sustained, and that is, that he does not

show performance or tender of performance of the verbal contract, upon which he rests his claim. Giving the evidence adduced in his behalf the most favorable effect, and excluding all the testimony upon the subject of a settlement, and no more at most is shown than that the appellant had paid the first payment stipulated in the contract. This was very far from such a showing as entitled him to a specific performance.

Judgment affirmed.