Rucker v. Steelman.

Filed May 6, 1884.   Petition for a rehearing overruled Nov. 12, 1884.

---

No. 10,823.

### RUCKER v. STEELMAN.

RES ADJUDICATA.—*Evidence.*—*Former Recovery.*—*Judgment.*—A record of a former suit between the same parties for the same property is competent evidence. That in the former action additional property was involved does not affect the conclusiveness of the judgment upon the property involved in the suit on trial.

SUPREME COURT.—*Evidence.*—*Exception.*—A party, claiming a reversal because of the exclusion of evidence, must show what the evidence was, that the question of its competency and materiality may be determined.

ADVERSE POSSESSION.—*Execution Defendant.*—*Conveyance.*—The possession of an execution defendant is not an adverse possession within the rule prohibiting the execution of deeds by the owner out of possession.

SAME.—*Contract of Purchase.*—*Performance.*—Where possession of land is taken under an agreement, express or implied, acknowledging the title of the owner, it is not adverse. In an executory contract to purchase, the possession is not adverse, while the conditions or covenants remain unperformed.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellant.

*M. C. Hester,* for appellee.

ELLIOTT, C. J.—The questions in this case arise on the ruling denying the appellant a new trial.

The court permitted the appellee to give in evidence the record of the proceedings in a former action between the parties, and of this ruling complaint is made, but clearly without just reason. A record of a former suit between the same parties for the same property is competent evidence, and

in this instance the parties were the same and the property in controversy the same in both actions.  In the former action the controversy included more property than that here the subject of controversy, but this does not affect the question of the conclusiveness of the former judgment upon the property involved in this action.

It is not shown that it was error to refuse to permit the appellant to read in evidence depositions taken in the former case.  The depositions are not incorporated into the record of this case, and we can not, therefore, determine whether there was or was not material error in excluding them.  A long settled rule requires that the party claiming a reversal on the ground that competent evidence has been excluded must show what the evidence was, in order that the court may determine its materiality and competency.

The possession of an execution defendant is not an adverse possession within the meaning of the rule prohibiting the execution of deeds by the owner out of possession.

Where possession of land is taken under an agreement, express or implied, acknowledging the title of the owner, it is not adverse.  Possession taken under an executory contract of purchase does not become adverse as long, at least, as the conditions or covenants of the contract remain unperformed.  *Clouse* v. *Elliott*, 71 Ind. 302; *Cole* v. *Wright*, 70 Ind. 179.  Judgment affirmed.

Filed May 10, 1884.  Petition for a rehearing overruled Nov. 12, 1884.