The State, *ex rel.* Steigerwald, *v.* Thomas.

Filed Sept. 20, 1887.

———◆———

No. 12,744.

## THE STATE, EX REL. STEIGERWALD, *v.* THOMAS.

WITNESSES.—*Order Separating.—Disobedience of Order.*—Where there is an order separating the witnesses, a party can not be deprived of the testimony of a witness who has been present throughout the trial, where it was not known at the time of the order, either by the witness or the party calling him, that his testimony would be required, or where the presence of such witness was not by the procurement or connivance of such party, nor attributable to any fault on his part or that of his counsel.

EVIDENCE.—*Impeaching Testimony.*—*Error to Exclude.*—It is error to exclude competent impeaching testimony, properly and seasonably offered, where no limit to the number of such witnesses has been fixed by the court, although other impeaching testimony has been offered and received.

SAME.—*Witness.*—*Practice.*—Where the question is as to the right of a witness to testify at all, and not as to the competency of his testimony, the party offering him is not required to state what he expects to prove by such witness.

From the Jefferson Circuit Court.

*C. A. Korbly* and *W. O. Ford,* for appellant.

*E. G. Leland* and *S. E. Leland,* for appellee.

ELLIOTT, J.—The principal question in this case is thus presented by the record: "The plaintiff called William Johnson, a competent witness of full age, to the stand, who was thereupon duly sworn by the clerk. Thereupon the defendant asked the witness the following preliminary question: 'Were you present in the court-room during the examination of the witnesses, and did you hear their testimony?' and the witness answered, 'Yes, but I did not know I was to be a witness.' The defendant thereupon objected to the examination of said witness on the following grounds: Because the court, at the commencement of the trial, ordered a separation of the witnesses on both sides, and sent them out of the room, and this witness was present and heard the evidence. Thereupon the plaintiff, by C. A. Korbly, stated to the court that the plaintiff did not know that said William Johnson was or would be a witness in the cause, or that he knew anything of the facts which the plaintiff would now propose to prove, until after the preceding witness, William Brown, had concluded his testimony, at which time he was informed by a member of the bar, not engaged in the cause, that William Johnson would be a good impeaching witness against David Francis, and that William Johnson was not present in disobedience of the order of the court."

It appears from the statement we have copied from the record that neither Johnson nor the relatrix was in fault, for

The State, *ex rel.* Steigerwald, *v.* Thomas.

it was not known to either when the order was made that he would be called as a witness.

As it is affirmatively shown that Johnson's presence was not by the procurement or connivance of the relatrix, nor attributable to any fault or neglect on her part or that of her counsel, the trial court erred in refusing to permit him to testify. It has been expressly decided in two recent cases, that where the party is entirely free from fault, the testimony of a witness who disobeys an order of the court can not be excluded. *Davis* v. *Byrd*, 94 Ind. 525; *Burk* v. *Andis*, 98 Ind. 59.

In the first of these cases the question was closely examined and many authorities cited. We there said: "We hold the true rule to be this: Where a party is without fault, and a witness disobeys an order directing a separation of witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility." We quoted from eminent text-writers like expressions of the rule, and cited the decisions of many courts. Our conclusion on a second examination of the question is, that the English author there referred to was right in saying: "But it seems to be now settled, that the judge has no right to reject the witness on this ground, however much his wilful disobedience of the order may lessen the value of his evidence." 2 Taylor Ev. 1210.

In another text-book a very thorough review of the authorities was made, and it was said: "But it may now be considered as settled, that the circumstance of a witness having remained in court in disobedience to an order of withdrawal, is not a ground for rejecting his evidence, and that it merely affords matter of observation." 2 Phill. Ev. (5 Am. ed.) 744.

Mr. Bishop, with his usual vigor, thus states the doctrine: "On the other hand, if the party was without fault, the judge

has no right to punish his innocence by depriving him of his evidence, and ruin him at the will of a witness. The testimony should be admitted, subject to observation to the jury. Such is the law in principle." 1 Bishop Crim. Proc., section 1191.

It is insisted by appellee's counsel that a new trial will not be granted although competent impeaching testimony offered on the trial is excluded, and in support of this position they refer to the cases of *Porter* v. *State*, 2 Ind. 435, *State, ex rel.*, v. *Clark*, 16 Ind. 97, and *Jackson* v. *Sharpe*, 29 Ind. 167. These cases give them no support whatever, for they merely decide that newly discovered impeaching testimony will not entitle the party to a new trial, and there is no such question here. We regard it as quite well settled, that where competent impeaching testimony is properly and seasonably offered on the trial, it is error to exclude it, and that principle rules here. Nor does the fact that other impeaching testimony was given, deprive a party of additional testimony on the same subject, although it may be that in some cases a limit may be put upon the number of witnesses that may be called to that question. But there was no limit fixed here, and there is no question of that kind made. The single question is, was it right to exclude Johnson's testimony because he had heard other witnesses testify?

The relatrix was not bound to state what she expected to prove by Johnson, because the question is not as to the competency of his testimony, but as to his right to testify at all. The rule is thus stated in *Sutherland* v. *Hankins*, 56 Ind. 343 (355): "But where, as in this case, the matter complained of is the action of the court, in refusing to permit a witness to testify at all, the grounds of objection to the witness must be shown by a bill of exceptions, and this is all that need be shown in order to present the matter for our consideration." *Shimer* v. *Butler University*, 87 Ind. 218.

We can not say that the relatrix was not prejudiced by the

refusal of the court to permit Johnson to testify, and the judgment can not be sustained.

Judgment reversed.

Filed Sept. 20, 1887.