CASTLE *v.* KROEGER ET AL.

[No. 16,680. Filed February 13, 1942. Rehearing denied March 24, 1942.]

44

*Thomas W. Lindsey,* of Evansville, for appellant.

*William D. Hardy,* of Evansville, for appellees.

BLESSING, J.—This is a suit by appellees, August Kroeger and Belle Kroeger (plaintiffs below), to set aside a conveyance of 119 acres in Vanderburgh County, including an easement of ingress and egress over other lands to and from said 119 acres. The first paragraph was an action to quiet title to said real estate, but this paragraph of complaint was eliminated from consideration in the special findings of fact made by the court. The second amended paragraph of amended complaint charged that the conveyance of the real estate involved was procured by appellant, Castle, and appellee Thomas W. Lindsey through a contract of maintenance, and by reason thereof the deed of conveyance was illegal and void.

The third paragraph of amended complaint asked to have the deed to said 119 acres declared void and set aside because of the fraud of the appellant and said Lindsey. The appellees John R. and Alice Knapp, shown by the record to be interpleaded defendants, were occupants of the land at the time the litigation was instituted. The appellee Interstate Finance Corporation, within two or three days after the delivery of the deed in question, made a loan to appellant and appellee

Lindsey, in the sum of five hundred and fifteen dollars, which loan was secured by a mortgage on the land here involved; and said corporation filed its cross-complaint in this action to foreclose its mortgage.

The appellant, as a part of her pleadings, filed a cross-complaint against the appellees Kroeger and Kroeger to recover possession of the real estate and easement conveyed to her and for damages for the unlawful detention thereof. The cross-complaint of the appellant was answered by said last named appellees in separate paragraphs. The first was a general denial and the other paragraphs of answer alleged in substance the same facts set out in the amended second and third paragraphs of amended complaint. The issues were thus closed except for general denials to the other affirmative pleadings. The cause was tried before the court; and, pursuant to a timely request, the court found the facts specially and stated two conclusions of law thereon. The court's first conclusion of law upon the facts found that the warranty deed by August and Belle Kroeger purporting to convey to Pearl Castle (the appellant) the real estate (here follows the description including the easement) ought to be set aside. The second conclusion found the law to be with the cross-complainant, the Interstate Finance Corporation, and found that it was entitled to have its mortgage foreclosed as against all its codefendants and against the plaintiffs.

The appellant excepted to each of the conclusions of law, following which the court entered judgment setting aside the deed of conveyance from the appellees Kroegers to the appellant and foreclosing the mortgage of the Interstate Finance Corporation. From this judgment the appellant prosecutes her appeal to this court.

There are numerous assignments of error but only

two of the assignments present any question requiring our consideration. The first assignment is: "The Spencer Circuit Court erred in its conclusion of law number one." Under this assignment, the appellant concedes the facts to be correctly found within the issues, but questions the sufficiency of the facts to support the conclusion of law that the deed of August and Belle Kroeger to appellant should be set aside and held for naught. The court found that August Kroeger and Belle Kroeger became the owners of the real estate in controversy in April of 1934; that on the twenty-sixth day of February, 1938, the date on which said land was conveyed by warranty deed to appellant, the appellees Knapps occupied said real estate and were in possession thereof by sufferance of the said Kroegers. The court's findings numbers 3, 4, 6, 7, 8, 9, and 10 are as follows:

### No. 3.

"That on the 26th day of February, 1938, an action was pending in the Warrick Circuit Court, in which one Walter B. Kastner was plaintiff and August Kroeger and Belle Kroeger, plaintiffs herein, were defendants, and in which the plaintiff asked judgment for damages for malicious prosecution; that for more than two (2) years continuously immediately prior to the 26th day of February, 1938, the defendant Thomas W. Lindsey had been acting as legal advisor for the plaintiffs August Kroeger and Belle Kroeger; was then representing them as their attorney in the defense of said suit for damages in the Warrick Circuit Court; and at said time the relationship of attorney and client existed between the defendant Thomas W. Lindsey and the plaintiffs August and Belle Kroeger.

### No. 4.

"That on the 26th day of February, 1938, the defendant Thomas W. Lindsey fixed and designated as a reasonable fee for his services in the defense of said suit of Walter B. Kastner v. August Kroeger

and Belle Kroeger, the sum of Five Hundred ($500.00) Dollars, and informed the plaintiffs, August Kroeger and Belle Kroeger, that this would be his charge for legal services in the defense of said suit, and the said plaintiffs August Kroeger and Belle Kroeger were induced by the defendant Thomas W. Lindsey to convey and did then and there convey by Warranty deed to the defendant Pearl E. Castle the real estate described in special finding No. One (# 1) herein, in consideration of the services to be rendered by the said Thomas W. Lindsey in the defense of said action pending in the Warrick Circuit Court in which Walter B. Kastner was plaintiff and August Kroeger and Belle Kroeger, plaintiffs herein, were defendants, and the receipt for an indebtedness of the said Kroegers to the said Lindsey in the sum of Fifty ($50.00) Dollars and of a payment to be made to the said Kroegers on or before the first day of July, 1938 by the said Lindsey and the said Castle in the sum of Two Hundred Ten ($210.00) Dollars, and a written guarantee of the said Thomas W. Lindsey and the said Pearl E. Castle that they would hold the said Kroeger and Kroeger harmless in said law suit then pending in said Warrick Circuit Court and guarantee that no judgment would be rendered against said Kroegers in said action, which contract was reduced to writing and in the execution of which written contract the defendant Pearl E. Castle joined the defendant Thomas W. Lindsey."

## No. 6.

"That at the time of the execution of the contract and deed hereinbefore referred to the defendant Pearl E. Castle was not related to the plaintiffs by blood or marriage, and had no interest in the action pending in the Warrick Circuit Court; that neither of the defendants Thomas W. Lindsey nor Pearl E. Castle owned any property of value, subject to execution; and that said real estate was conveyed to the defendant Pearl E. Castle at the request of and for the use and benefit of the defendant Thomas W. Lindsey.

## No. 7.

"That the deed executed by the plaintiffs August Kroeger and Belle Kroeger on the 26th day of February, 1938, and which is recorded in the office of the Recorder of Vanderburgh County, Indiana, in Deed Record 198 at page 552, was procured by the representations, action, conduct and inducements of the defendant Thomas W. Lindsey at a time when he was acting as their attorney and when the confidential relationship of attorney and client existed between the said Lindsey and the said Kroegers and by reason thereof was a fraud on the said Kroegers.

## No. 8.

"That on the 28th day of February, 1938, the defendants Thomas W. Lindsey and Pearl E. Castle applied to the defendant and cross-complainant, Interstate Finance Corporation, for a loan of Five Hundred Fifteen ($515.00) Dollars and offered as security a first mortgage on the above described real estate, and the defendant and cross-complainant, Interstate Finance Corporation, agreed that if an abstract of title was brought down to date and it showed that the mortgage thereon proposed by the defendants Lindsey and Castle would be a first lien on said real estate, except for the taxes for the year 1937 payable in 1938, that it would approve the loan, and on the first day of March, 1938, the said defendants caused an abstract of title to said real estate to be brought down to date and it showed no liens nor encumbrances whatever against said real estate except the taxes for the year 1937 payable in 1938, and thereupon the defendant and cross-complainant Interstate Finance Corporation made the loan to the defendants Lindsey and Castle, who thereupon executed the note and mortgage described in the cross-complaint of the cross-complainant Interstate Finance Corporation; that the said cross-complainant Interstate Finance Corporation accepted said note and mortgage and paid value therefor without any notice or knowledge whatever of any equities of any kind or character in favor of the plaintiffs August Kroeger and Belle Kroeger or of the cross-defend-

ants John R. Knapp and Alice R. Knapp; that said mortgage was recorded on the 3rd day of March, 1938, in Mortgage Record 186 at page 73 in the office of the Recorder of Vanderburgh County, Indiana; and that said sum of Five Hundred Fifteen ($515.00) Dollars so borrowed from Interstate Finance Corporation was received and used jointly by the defendants Thomas W. Lindsey and Pearl E. Castle.

### No. 9.

"That the defendant Thomas W. Lindsey, pursuant to his contract of employment, appeared for the plaintiffs Kroeger and Kroeger, where they were defendants in the action in the Warrick Circuit Court, and with full knowledge thereof on the part of the plaintiffs did and performed all of the duties owing by him to them in said cause and is at this time one of the attorneys of record in said cause. .

### No. 10.

"That of the Seventy-five ($75.00) Dollars owing by the plaintiffs Kroeger and Kroeger to the defendant Thomas W. Lindsey but Twelve ($12.00) Dollars has been paid; that the receipt for Fifty ($50.00) Dollars of said amount, delivered on the 26th day of February, 1938, by the defendant Lindsey to the plaintiffs Kroeger and Kroeger, has been retained by the Kroegers; that the Two Hundred Ten ($210.00) Dollars to be paid by the defendants Lindsey and Castle to the Kroegers has not been paid; and that the defendant Lindsey has paid the sum of Seventeen Dollars and Twenty-two ($17.22) Cents of delinquent tax which was an encumbrance upon the land when the deed of February 26th, 1938 was executed by the plaintiffs Kroeger and Kroeger to the defendant Pearl E. Castle."

Further findings of the court disclosed that on the date of the execution of the deed in question the real estate conveyed was of the value of between fifteen hundred and two thousand dollars; that the appellant neither gave nor paid any consideration to the grantors

of said real estate; and that said conveyance was made to the appellant at the request and for the use and benefit of Thomas W. Lindsey, the attorney referred to in some of the findings hereinbefore set out. It also appears from the findings of the court that the appellant is not related to appellees by blood or marriage, and at the time of the execution of the deed to her by the Kroegers neither she nor the said Lindsey owned any property subject to execution. The remaining findings fix the amount due the Interstate Finance Corporation on its note and mortgage, including the principal, interest and attorney's fees, all totaling the sum of seven hundred and ten dollars ($710).

The appellees Kroeger and Kroeger insist that there is no question presented for review because of appellant's failure to comply with Rule 2-17 (f), (1940) of the Rules of the Supreme Court governing procedure and practice in the Supreme and Appellate Courts of this State. While the brief of the appellant is very poorly constructed, some questions are presented which we will consider and determine.

If the first conclusion of law is sufficiently supported by the facts found within the issues made on either paragraph of complaint, then this conclusion must stand and the judgment setting aside the conveyance to the appellant will be affirmed. The third paragraph of amended complaint, along with other essential allegations, charged that appellee Lindsey was a practicing attorney; that he solicited employment from the Kroegers in the suit pending against them for malicious prosecution, in which the plaintiff in that case was seeking damages for ten thousand dollars; that the said Lindsey was employed to defend the said Kroegers in said cause; that he had represented the said Kroegers in previous litigation and because of his relationship

with them, they had great confidence in him; that subsequent to said employment he assured his clients and guaranteed that if they would convey the real estate here involved to some person for his use and benefit no judgment would be entered against them in said suit; that the Kroegers relying upon, and being induced by said representations, did, on the 28th day of February, 1938, convey the land described in the complaint (the land involved in this appeal) to Pearl E. Castle, who took the conveyance without paying any consideration therefor, and that the land so conveyed was of the value of $1,800; that the said Castle joined in the guaranty and undertaking to protect the Kroegers from any judgment in the malicious prosecution suit; that neither she nor the said Lindsey have any other property with which to protect the Kroegers on any judgment if any should be recovered in said suit for malicious prosecution. This paragraph also set out the facts concerning the mortgage to the finance corporation.

The first contention of the appellant is that the essentials in a fraud case are not found by the court. We think this contention is without merit and is doubtless due to a misconception of the theory of the third paragraph of amended complaint. Within the issues of this paragraph of complaint, the facts found by the court disclose that a fiduciary relationship existed between the Kroegers and appellee Lindsey and that said Lindsey secured the conveyance of the real estate in question to appellant for his use and benefit during the course of his employment as attorney for the grantors. Under these circumstances it is not essential to the correctness of the first conclusion of law that every fact essential to the ordinary case of fraud be found. The fiduciary relationship existing between the parties alters the requirements.

*Teegarden* v. *Ristine* (1914), 57 Ind. App. 158, 106 N. E. 641. As above stated the court found that appellee Lindsey was the attorney for the Kroegers, and engaged in the course of his employment at the time he secured the conveyance, for his use and benefit, of the land to the appellant; that he had fixed $500 as a reasonable fee for his services in the malicious prosecution suit and that the land conveyed was of the value of between fifteen hundred to two thousand dollars. These facts being found, the burden to go forward shifted and it was obligatory upon him for whose use and benefit the conveyance was made to establish that he acted in good faith, that he took no advantage of his superior position and influence, and that the contract of conveyance was fair, adequate and equitable. *Shirk* v. *Neible* (1901), 156 Ind. 66, 59 N. E. 281; *Huffman* v. *Huffman* (1905), 35 Ind. App. 643, 73 N. E. 1096; *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654. There is no finding that appellee or the appellant in his or her own behalf discharged the obligation of the fiduciary above set out. The silence of the special findings in this regard is equivalent to a finding that said Lindsey took an unfair advantage of his clients in securing a conveyance from them of the real estate to appellant. *Home Equipment Company, Inc.* v. *Gorham* (1941), 218 Ind. 454, 33 N. E. (2d) 99; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. (2d) 912. We conclude, therefore, that the facts found by the court are sufficient to support the first conclusion of law in so far as the question of fraud itself is concerned.

The next contention of appellant with respect to conclusion of law number one is that the finding failed to disclose that there was any notice of disaffirmance or any demand for a reconveyance before the suit was brought to set aside the deed. By

special finding number 5, the court found that the appellant neither gave nor paid any consideration to the appellees for the real estate in question. Where no consideration is paid by the grantee, notice of disaffirmance is not a condition precedent to recovery. Under such circumstances the institution of the suit is a sufficient disaffirmance. *Barkley* v. *Barkley* (1914), 182 Ind. 322, 106 N. E. 609. The appellant argues that the court found that she joined in the execution of the contract of guaranty with appellee Lindsey and therefore it is established that she gave a consideration for the deed of conveyance. In connection with this point it was also contended that other items such as the receipt for fifty dollars given by appellee Lindsey to appellees Kroegers and the payment of delinquent taxes made by said Lindsey establish that a consideration was given for said deed. It is to be observed that Lindsey, for whose use and benefit the real estate was conveyed to appellant is not appealing from this judgment. From his acquiescence it is assumed that he is satisfied with the action of the trial court and is willing to abide by its judgment. It therefore follows that the appellant is in no position to complain on account of any consideration for the conveyance passing from the said Lindsey. With respect to the contention of appellant concerning the contract of guaranty in which she joined, we are of the opinion that her claim is without merit. In so far as she is concerned, the cancellation of the deed was likewise a cancellation and nullification of the contract of guaranty as to her. Such contract was not assignable or transferrable and no liability on said contract could attach to appellant after the deed was declared to be null and void. The facts establish the appellant to be but a nominal party to the whole transaction. She was in no position, of which

we can conceive, to carry out the guaranty. This could only be fulfilled by the services of appellee Lindsey. In view of the finding that appellant had no other property out of which an execution could be satisfied, a transfer of the real estate for any guaranty of appellant could only result in the Kroegers becoming their own guarantors. Viewed from this angle, appellant's contract of guaranty constituted or furnished no valuable consideration whatsoever to the Kroegers for the deed to her. We hold that no disaffirmance was required on the part of the Kroegers before institution of the action to set aside the deed.

Keeping in mind that said Lindsey is joined only as an appellee in this appeal, what we have said on the question of disaffirmance is likewise a sufficient answer to the contention of the appellant that the first conclusion of law is erroneous because there was no offer or tender back of the consideration for the deed prior to or at the time this action was commenced. It is our opinion that the facts found by the court fully support the court's first conclusion of law.

No error is assigned upon the second conclusion of law, and the remaining error requiring our attention is: "The court erred in overruling appellant's motion for a venire de novo." This motion was addressed to the findings of fact with respect to the counterclaim filed by the appellant. As hereinbefore stated, appellant's counterclaim asserted her ownership of the real estate involved, her right to possession thereof, and damages for the unlawful detention thereof. The judgment of the court setting aside the conveyance was effective as of the date of the conveyance and therefore fully disposed of any claim of the appellant to the right of possession of the real estate so con-

veyed. No error was committed in the court's overruling the appellant's motion for a *venire de novo*.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 459.