**PEOPLES STATE BANK OF CLAY COUNTY, Appellant (Defendant below),**

v.

**GULF OIL CORPORATION, and Gulf Oil Company—U.S., Appellees (Defendants and Counterclaimants below),**

v.

**REYNOLDS PETROLEUM SALES, INC., Appellant (Plaintiff and Counterdefendant below).**

No. 1–882A241.

Court of Appeals of Indiana, First District.

March 31, 1983.

Rehearing Denied May 4, 1983.

William G. Brown, Brazil, B. Michael McCormick, Terre Haute, for appellants.

Robert Hunt, Rosenfeld, Wolfe, Frey & Hunt, Terre Haute, for appellees.

ROBERTSON, Presiding Judge.

This is an appeal from an action brought by Reynolds Petroleum Sales, Inc. (Reynolds) against Gulf Oil Company (Gulf) and the Peoples State Bank of Clay County (Bank) seeking a temporary restraining order, preliminary injunction and permanent injunction to prevent Gulf Oil Company from drawing on and the Bank from paying pursuant to an irrevocable letter of credit issued by the Bank on December 18, 1980.

Gulf filed a counterclaim against Reynolds seeking damages including attorneys' fees and punitive damages for misrepresentation. Gulf also filed a crossclaim against the Bank seeking actual and punitive damages, together with attorneys' fees, for its actions in conspiring with Reynolds to avoid paying on the letter of credit.

The trial court entered its findings of fact, conclusions of law, and judgment denying the permanent injunction and ordering the Bank to honor the letter of credit.

We affirm.

Reynolds sold gasoline and automotive services through a retail business. Gulf sold petroleum products to Reynolds. Reynolds had been associated with Gulf since 1971. Due to credit problems, Gulf requested that Reynolds obtain a bank letter of credit. An irrevocable letter of credit was issued on December 18, 1980, by the Bank in an amount of sixty thousand dollars ($60,000) with Gulf as beneficiary payable on Reynold's account.

In April, 1981, Reynolds indicated that it was either not in a position to settle or would not settle its debt with Gulf upon demand. On April 30, 1981, Gulf supplied the Bank with a sight draft and documentation to attempt to draw on the letter of credit. The Bank requested three days pursuant to Indiana law to review the documents. Near the end of the three day period, a temporary restraining order was issued preventing them from complying with the terms of the letter of credit. The Bank had not made any determination as to whether to honor or dishonor the letter of credit. The Bank would not make a determination until the temporary restraining order was dissolved.

This case turns on the issue of whether the documents presented to the Bank on April 30, 1981, pursuant to the irrevocable letter of credit were in sufficient conformity to require payment. Both the Bank and Reynolds contend that Gulf failed to strictly comply with the terms of the letter of credit and that a permanent injunction should have been issued prohibiting the Bank from honoring the letter. Ind.Code 26–1–5–114(2)(b) gives the court the authority to impose injunctive relief.[1] The trial court found that the documents delivered by Gulf sufficiently conformed with the letter of credit so that the Bank could not refuse payment.

In reviewing the trial court's decision, we consider whether the evidence including all reasonable inferences to be deducted therefrom would lead to a contrary conclusion. *Blasche v. Himelick,* (1965) Ind.App., 140 Ind.App. 255, 210 N.E.2d 378; *Calvert v. London,* (1965) 137 Ind.App. 595, 210 N.E.2d 376. Also, in a case in which the trial court has made specific findings, as here, we will not set aside the findings unless they are clearly erroneous. *Indiana Industries, Inc. v. Wedge Products, Inc.,* (1982) Ind.App., 430 N.E.2d 419.

■ The primary issue in this case concerns interpretation of one of the provisions in the letter of credit. The letter of credit states that, "Except so far as otherwise expressly stated. [sic] This credit is subject to the uniform customs and practice for

---

1. Ind.Code 26–1–5–114(2)(b) states that:

    [I]n all other cases as against its customer, an issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery, or other defect not apparent on the face of the documents but a court of appropriate jurisdiction may enjoin such honor.

documentary credits. (1974 revision) International Chamber of Commerce Publication No. 290". The Bank asserts that the International Chamber of Commerce Publication No. 290 required that "bills of lading" be presented within twenty-one days of their issuance in order to draw on the letter of credit. Article 41 of the above publication provides:

Notwithstanding the requirements of Article 37 that every credit must stipulate an expiry date for presentation of documents, credits must also stipulate a specified period of time after the date of issuance of the Bills of Lading or other shipping documents during which presentation of documents for payment, acceptance or negotiation must be made. If no such period of time is stipulated in the credit, banks will refuse documents presented to them later than 21 days after the date of issuance of the Bills of Lading or other shipping documents.

The letter of credit reads, in part, as follows:

Gentlemen:

We hereby authorize you to draw on Peoples State Bank of Clay County, for the account of Reynolds Petroleum Sales, Inc. up to an aggregate amount of $60,000.00 available by your drafts as sight drawn on us, when accompanied by:

Copies of invoices covering shipments and your certification that the funds requested are due Gulf Oil Corporation.

Reading these two documents together, it is apparent that the parties agreed that "invoices" rather than "bills of lading" would be used to provide the requisite documentation called for in Section 41 of the International Chamber of Commerce Publication. Section 41 makes reference to "bills of lading *or other shipping documents*". (Emphasis added) Thus, the use of docu-

ments other than "bills of lading" is entirely permissible.

The Bank also contends that Gulf did not comply with the provision of Section 41 requiring that the bills of lading or other shipping documents be presented within twenty-one days of their issuance. The Bank claims that the "bills of lading" rather than the invoices are the controlling documents. The bills of lading were not presented within twenty-one days of their issuance, however, all of the invoices were issued within twenty-one days prior to the tender of the sight draft and accompanying documents. As stated previously, the letter of credit specifically refers to "invoices covering shipments" rather than bills of lading. Thus, the issuance date of the invoices controls rather than the date on the bills of lading.

■ The Bank and Reynolds assert the following additional deficiencies in the documentation: one missing invoice; no certification of the invoices showing delivery, and the omission of certain specific language. There is evidence that the only deficiency considered fatal to the letter of credit is the lack of certification. Robert Rigdon, a witness for the Bank, testified that the Bank would honor the letter if some type of certification showing delivery was presented.

Reynolds goes on to argue that the trial court's finding that the documents were "in sufficient conformity" with the letter's requirement did not meet the standard of "strict compliance" which it seeks to impose. It does so on the basis of three federal court cases.[2] While it is true that effect must be given to the conditions of the letter of credit, there are holdings which allow for deviation.[3] As a matter of policy, it seems that if all the essential requirements of a letter of credit are complied with, the integ-

---

**2.** *Chase Manhattan Bank v. Equibank*, 550 F.2d 882 (3rd Cir.1977); *Insurance Co. of North America v. Heritage Bank, North America;* 595 F.2d 171 (3rd Cir.1979); *Far Eastern Textile, Ltd. v. City National Bank & Trust Co.,* 430 F.Supp. 193 (S.D.Ohio, 1977).

**3.** *See: Flagship Cruises, Lts. v. New England Merchants,* (1st Cir.1978) 569 F.2d 699; *Crocker Commercial Services, Inc. v. Countryside Bank,* 538 F.Supp. 1360 (N.D.Ill., 1981); *First National Bank of Atlanta v. Wynne,* (1979) 149 Ga.App. 811, 256 S.E.2d 383.

rity of such drafts should not be challenged by technical or inconsequential reasons.[4]

It is the responsibility of the trial court to decide whether the documents sufficiently satisfied the terms of the letter of credit. In this case, the trial court chose a standard which allowed effect to be given the letter of credit. In light of the evidence presented and the inferences therefrom, we cannot say that as a matter of law the court was bound to reach a contrary conclusion.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.

---

4. *See: C.J.S. Banks and Banking* § 178 (1938).